## Hamilton Street.    Montgomery County's Appeal.

*Road cases—Appeal from quarter sessions—Certiorari.*

On an appeal from the quarter sessions in a road case, the certiorari brings up only the record, and the facts cannot be considered even though they be set forth in the opinion of the court. The jurisdiction of the court and the regularity of the proceedings are the only questions to be determined.

*Title of abutting owner to middle of street—Reservation of title.*

It seems that the reservation of a lot described as extending along the side of a street, out of a conveyance of land to the middle of the street, will include title to the middle of the street.

Argued Feb. 2, 1892. Appeal, No. 32, July T., 1891, by Montgomery County, from decree of Q. S. Montgomery Co., dismissing exceptions to and confirming report of road jury awarding damages to Ella R. Guilbert for the opening of Hamilton Street in the borough of Norristown. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The facts appear by the opinion of the court below.

The county commissioners filed, among others, the following exception to the report of the jury : " 2. The title to the land in the bed of Hamilton street was not in Henry C. Wentz, at the time he conveyed the adjoining lot to Thomas Guilbert, through whom Ella R. Guilbert claims." [2]

The exceptions were dismissed in the following opinion by WEAND, J. :

" The petitioner in this case owns a property at the corner of Egypt and Hamilton streets, Norristown, her deed calling for the side of Hamilton street, which street has been opened for public use since she acquired title. At the time she obtained title and long before, the street had been marked upon the borough plan.

" Under the cases of Cox v. Freedley, 33 Pa. 127 ; Paul v. Carver, 26 Pa. 223, and Lehigh St., 32 P. F. Sm. 85, she took title to the centre of the street if her grantor had such title and would be entitled to damages caused by the opening.

" It is contended, however, that her grantor had no such title when he conveyed to her and hence that she cannot recover the damages. It appears that Henry C. Wentz, being the owner of a large tract of land, embracing the premises in question, conveyed the same to Geo. M. D. Bolton, by deed dated March 30, 1887, recorded at Norristown, Pa., in deed book No. 308, page 211. The description of the land conveyed comprises the property in question with another, but the deed contains the following reservations, viz. : ' Excepting and reserving thereout a piece of land sold by Enos H. Vaughan and wife, and by them conveyed unto Jonathan Grisdale by deed,' etc. ; also, ' Excepting and reserving thereout unto the said Henry C. Wentz, his heirs and assigns, a messuage and lot of land on the south corner of Egypt or Main and Hamilton streets, bounded and described as follows : Beginning at the south corner of Egypt or Main and Hamilton streets, thence . . . . along the said alley northwesterly eighty feet to Hamilton street, and along the southeast side of said street northeasterly one hundred and forty feet more or less to Egypt street, and reserving also the right of way over Hamilton street to Egypt street for Jonathan Grisdale, his heirs and assigns.'

" The petitioner has title to the ground mentioned in the

exception as located at the corner of Egypt or Main and Ham-
ilton streets through Wentz, vendor.  She can only claim
what Wentz could have claimed, and the question presented
is whether by virtue of said exception and reservation Wentz
still had title to the middle of the street or whether the title to
that part passed to Bolton and his grantees.   In other words,
if a deed to the side of a street gives title to the middle there-
of, does not an exception or reservation of a title to the side
of a street have the same effect, although the deed conveying
this and other land calls for the street ?

" It must be remembered that by a deed to the side of a street
the title to the middle thereof passes by inference of law, and
not by express words in the grant; and the reason for this is
given in Paul v. Carver and Cox v. Freedley, supra.   And
the same reasons would seem to apply to an exception of a
part of the land conveyed where the excepted part abuts on a
street.

" In construing the deed with the exception we must endeavor
to get at the actual intention of the parties.   ' Agreements
ought most certainly to be.construed according to the meaning
and understanding which the parties had of them at the time
they were made and entered into ; for it is perfectly manifest
that if the meaning and intention of the parties be disregarded
or departed from, in attempting to put a construction upon
their agreement, it is in reality making a new agreement be-
tween them instead of expounding the old . . . . The first,
and indeed the only matter, then, is to ascertain if possible
what the parties intended and gave their assent to by making
the agreement in question : ' Gibson v. Tyson, 5 Watts, 34.
Tested by this rule, can we now say that Wentz, notwithstand-
ing his exception, intended only to reserve unto himself the
title to the corner lot without the benefits and advantages of
the abutting street ?

" It is apparent that the true reason why the conveyance to
Bolton mentioned the middle of Hamilton street was because
the scrivener had followed the exact lines and description as
contained in the deed to Wentz without meaning especially to
include the part of Hamilton street opposite the excepted lot.
This is shown from the fact that Bolton's deed also purported
to convey the lot already sold to Grisdale.   There would seem

to have been no advantage to Bolton in securing title to this part of the street, with a certainty that at some time it would be opened, and hence, with Grisdale's right of passage over it, of no value to him except for the damages likely to be assessed by reason of the opening. Such result was so remote as to forbid the idea that it could have entered into the minds of the parties at the time.

" But in addition to this we think the legal effect of the exception was to vest title to the middle of the street in Wentz and his grantees. ' When property is granted, all that is necessary to the enjoyment of the grant is impliedly granted as incident to the express grant; and the same rule of construction applies to an exception in a grant:' 21 Pick. 25. ' It is certainly true that a thing reserved remains as it was. A reservation, operating as it does by way of exception, keeps the thing from passing, just as if there were no grant all:' Shoenberger v. Lyon, 7 W. & S. 184. ' The rule is that what will pass by words in a grant will be excepted by the same words in an exception:' 1 Comstock, 96.

" If, therefore, instead of excepting this property from the grant to Bolton, the latter had made a separate deed back to Wentz, and describing the property to the side of the street, it would have had no greater effect than the exception itself. So in this case the excepted property remained in Wentz, as if there had been no grant of it at all, with all its incidents and appurtenances. And as the title extended to the middle of the street before the deed to Bolton, that grant, coupled with the exception, did not interfere with or change its extent. We think, therefore, that Mrs. Guilbert was the proper person to apply for the damages, without reference to the subsequent deed to her from those who otherwise would be entitled.

" The remaining exceptions are to the amount of damages. Speaking for myself alone, I cannot see how the petitioner could have sustained damage by taking of the land alone; but of that the jury are to judge. Generally it is considered that corner lots are more valuable than others, and the opening of this street gave Mrs. Guilbert that advantage, if it is one. But there may also be disadvantages, of which the viewers are the judges.

" When an award is on its face unreasonable or made to ap-

pear so by testimony, we would not hesitate to set aside the award. In this case there was a conflict of testimony, and it shows that some of the witnesses examined on behalf of the county fix the damages from $6,600 to $1,500. As the award was only for $1,000, we cannot say that the amount is unreasonable."

*Error assigned*, among others, was the dismissal of the second exception to the report of the road jury, quoting it.

*James B. Holland, John M. Dettra* with him, for appellants. —As a road jury cannot determine a dispute as to the ownership of land, Conshohocken Av., 1 Walker, 424, this court will interfere on certiorari with the decision of the court below, where there has been a manifest error, and the evidence may be sent up: Road in Macungie Township, 26 Pa. 221. Where there is no dispute as to the facts on a question of title, the court will correct any erroneous deduction from the facts: Germantown Av., 99 Pa. 479.

*Isaac Chism*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 2, 1892:

This case was argued at length upon the merits, as affected by the question whether the title of the petitioner Mrs. Guilbert, ran to the centre of Hamilton street. On this question we should be content to affirm the judgment on the opinion of the learned court below.

But examination of the record discloses nothing to bring this question before us. The matters were within the jurisdiction of the court, and the proceedings are regular on their face. Beyond these points we are not entitled to look. Certiorari brings up only the record, and we cannot look outside of it, at the facts, even though they be set forth in the opinion of the court. In re Germantown Avenue, 99 Pa. 479; Road in Roaring Brook Township, 140 Pa. 632.

Judgment affirmed.