## In re Road in Jefferson Township.

*Road law—Review—Appellate jurisdiction—Rules of court.*

Where an appeal is taken on any order or proceeding in relation to a public road, the appellate courts will not suffer the merits of the case to be entered into, nor reverse the order of the court of quarter sessions unless for some error or irregularity apparent on the record, or because the court below exceeded their jurisdiction or erred in their judgment in point of law.

Rule XIII. of the Superior Court is a substantial transcript of the rule of the Supreme Court upon the subject, which is a declaration of the law as established by numerous decisions.

*Practice, Superior Court—Defective assignment of error.*

An assignment of error is defective where matters of fact are alleged which are not brought upon the record and where the evidence in support thereof and also the exceptions are not printed.

Argued Jan. 12 and 13, 1897. Appeal, No. 31, Jan. T., 1897, by A. F. Emery, from order of Q. S. Lackawanna Co., June Sessions, 1895, No. 5, dismissing exceptions to petition, and motion to quash proceedings. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to report of viewers. Before ARCHBALD, P. J.

Viewers were appointed May 3, 1895 and May 25, exceptions to petition and appointment of the viewers were filed and motion to quash proceedings refused. The report of the viewers was filed and exceptions thereto were dismissed.

The exceptions filed to the report of viewers were overruled by the final judgment of the court in an opinion by ARCHBALD, P. J., set out below, the tenth exception being as follows:

Tenth. One or more of the petitioners, or other parties directly and personally interested in having said road changed, conveyed, or had others convey the viewers from the depot to the ground to be viewed, went with said viewers over said ground, pointed out to them where they wanted said road changed, assisted them in their work, took part in their deliberations, furnished them with entertainment, and in various other ways unlawfully influenced said viewers, in making said changes in said road.

1. Bates and Dunning, two of the present viewers, acted as reviewers when this road was originally laid out, but we fail to see how that now disqualifies them. The report which they then made was confirmed without exceptions, and an order to open issued. The present proceedings to vacate and relay are in part based upon an alleged mistake in the carrying out of their work, and they certainly are not inappropriate parties to consider and dispose of that question. Had the present objection come from those who allege and seek to correct this it might have some substance, for in such case the viewers would seem to be not unnaturally prejudiced in favor of their former work. But coming from the other side, it is quite different. We question also whether an exception of this sort, which amounts to a challenge, ought not to be taken in limine before the parties have taken the chance of a report in their favor. But without passing on this point, the exception is overruled.

2 and 3. We do not consider that the petition is open to the complaint that it does not sufficiently set out the condition and circumstances, which call for a vacation of the road, or the part of it which may be relaid. It states that the road as originally intended to be laid out was to cross the line of lands of Edward Moore and Alfred T. Emery at Paupack creek, but that owing to a mistake in the survey of the viewers and a reading of the compass it was reported to cross the creek several rods south of the said dividing line; and that by reason of this mistake the road is laid out upon low ground more expensive to build upon and less convenient to the public than originally intended, and also that by mistake the road has not been opened as laid out and reported, but is only partly so opened, the balance being through private lands and the road rendered practically useless to the public thereby. This is followed by a prayer for

the relaying of the road, or so much of it as may be found use-
less, inconvenient and burdensome, describing it by its termini
the same as in the original petition. We have recognized and
enforced in this court the necessity for a strict compliance with
the statute which regulates the vacation of roads: Road in
Blakely, Scott and Dickson, 1 Lack. Jur. 321; but we think
that this sufficiently meets its requirements. The whole road
as laid out and opened is attacked on the grounds referred to,
so that the petition is not open to the objection that the part
sought to be vacated is not specifically designated, and the
prayer to relay or supply naturally follows. All things consid-
ered, the petition is sufficient to give jurisdiction, and we
cannot sustain the objections to it.

4. The fourth objection is to be disposed of in the same manner.
It catches at what is said in the Blakely, Scott and Dickson road,
supra, on the case there presented, but misapplies it to the dif-
ferent case found here. That part of the present petition
which seeks for a relay of the road is expressly conditioned
upon this becoming necessary by a vacation in whole or in part
of the present road. The propriety of joining a petition to
relay or supply with a petition to vacate is recognized in the
case just referred to, and that is simply what we have here. It
is useless to urge, that under the petition as it stands the viewers
could lay out a parallel road.

5. Viewers, according to the statute, must report at the next
term after their appointment and a report filed after the regular
term is closed, and when the court is holding an adjourned ses-
sion cannot stand. But we know of nothing in the law which
requires that the order of appointment must be made within the
limits of a regular term. The court whenever it is sitting is
competent so far as we can see to make such an order.

6 and 7. Neither can we see anything in the sixth and seventh
exceptions. There is nothing in the law to prevent the vacat-
ing and relaying of the whole of a road between the original ter-
mini if it is found necessary or advisable to do so, and the
viewers in doing it may adopt at various points the bed of the
old road if they consider it best: Westchester Road, 2 Rawle,
421; Road in Franklin, 7 Pa. C. C. Rep. 273. This is pecu-
liarly the case where the proceedings as in the present instance
are to vacate and relay: Hess' Mill Road, 21 Pa. 217; South-

ampton Road, 21 Pa. 356. And if as here alleged, there has been a mistake either in the reporting or the opening of the road as originally decided upon by the viewers this is not only the proper, but as it would seem to us, the only means of rectifying it. That the road in many places varies but a few feet from the road as opened does not affect the question, if it is now at last laid where it ought to be. The road which it supplies is vacated, and a change of it as slight as this cannot entail much expense upon the taxpayers.

8. The most important change in the road as now reported is the relocation of the bridge over the Paupack. The depositions as well as the photographs in evidence show that this bridge has never been what it ought to be, and it is a wonder that it has existed as long as it has without detriment to the township by accident and injury to those attempting to travel over it. The present approaches as we understand it do not lead directly up to it so as to make it in continuous line with the course of the road at that point, but it has been thrown across the stream at right angles to the current, and thus at an angle with the road itself. If these proceedings did no more than effect the reconstruction of this bridge they would be wholly justified. The expense of the change is little to be compared with the safety and advantage of it.

9. The necessity for the several changes made in the road was for the viewers, and we see no occasion to revise their judgment. As we have already said, upon one, the bridge, we are fully satisfied; the rest we de not propose to discuss. In this connection we can but say that the attempt to force this upon us, by the mass of testimony taken to support this exception, has little regard for the work that the judges of this court are called upon to dispose of. The large part of it is irrelevant, and much of it mere repetition, matters to be considered hereafter when allowance is asked for the cost of taking it.

10. The charges of influence contained in the tenth exception are not sustained. The viewers took their lunch with them as we understand it, and merely ate it at Mr. Moore's. That they may have been conveyed back and forth from the railroad station at the expense of some of the petitioners is of no account. If a man cannot be accommodated in that way without having it influence him, he is not fit to be a viewer, and we do not pro-

pose to carry the rule against entertainment that far.   We have several times, in fact, declined to do so: Road in Carbondale, No.   June Session, 1893 ; Mulholland v. Rush Brook Water Co., No. 177, March Session, 1894.   Besides that, this was a review, and the expense of it, of which this would be a part, is supposed to fall on the petitioners: Davis v. Lackawanna, 3 C. P. Rep. 194, and they have a right to meet it in advance if they choose: Road in Plymouth, 5 Rawle, 150.   So as to parties interested having made suggestions as to where they thought the road ought to go, there is nothing to prevent this ; in fact one purpose of a view is to give all concerned a chance to be present and be heard, and it is the duty of the viewers. within reasonable limits to give respectful audience to them. There is nothing more than this in the present instance that we can discover.

11. That the exceptant, Mr. Emery, will be seriously injured by the change in the road we fail to see.   His approach to the creek will, no doubt, in part, be cut off, being now by the relocation to be shared with Mr. Moore, his neighbor.   That this has been the subject of contention between the two and the source of this long litigation we are well aware, but we do not propose to be drawn into this personal controversy.   The viewers in the present site of the bridge have evidently regarded it as effecting an equitable division of the water privileges between them, and as a matter of our own independent judgment we are not persuaded otherwise.   Each will now as we understand it have a share, where before it was all possessed by one. If this does not fully meet the case from Mr. Emery's side, he has his claim for the damages experienced.

12. The exception to the oath taken by the viewers is hypercritical.   The complaint is that they were sworn to perform their duties " with impartiality " instead of " impartially."   This is a hairsplitting distinction which needs no comment.

Other question seem to be discussed in the brief of counsel, but as they are not raised by the exceptions we do not stop to consider them.   The exceptions are overruled and the report of the viewers is confirmed finally.

*Errors assigned* were (1–14) in not sustaining the exceptions to the petition and to the report of viewers which excep-

472　　　JEFFERSON TOWNSHIP ROAD.

Assignment of Errors—Opinion of the Court.　[3 Pa. Superior Ct.

tions are sufficiently indicated in the opinion of the court below, with the exception of the 12th, which was to the tenth exception, reciting same, as set out above.

*C. B. Gardner*, for appellant.

*John F. Scragg*, for appellee.

OPINION BY RICE, P. J., February 16, 1897:

Where an appeal is taken from any order or proceedings in relation to a public road, this court will not suffer the merits of the case to be entered into, nor reverse the order of the court of quarter sessions, unless for some error or irregularity apparent on the record, or because the court below exceeded their jurisdiction, or erred in their judgment in point of law. Rule XIII. This rule of court, which is a substantial transcript of the rule of the Supreme Court upon the subject, is but a declaration of the law as established by numerous decisions. The tenth exception (12th assignment of error) alleges matters of fact which are not brought upon the record, and the evidence in support of the allegation is not printed in the paper-book. For the reasons stated we could not consider it, if it were printed, we therefore dismiss the assignment without further remark, and without further expression of opinion upon the questions intended to be raised thereby. See Hamilton Street, 148 Pa. 640, Keller's Road, 154 Pa. 547.

The questions raised by the other assignments of error are fully and satisfactorily answered in the opinion of the learned judge of the court below. We do not deem it necessary to add anything to what he has said concerning them.

Finding no error in the record the order is affirmed, and the appeal dismissed at the costs of the appellant.