## Drumore Township Road.

*Road law—Vacation of road—Occupation of highway by railroad—Acts of February 19, 1849, sec. 13, P. L. 79, and June 13, 1836, P. L. 551.*

1. Under the Act of June 13, 1836, sec. 18, P. L. 551, authorizing the appointment of viewers to vacate a public road, the court of quarter sessions may appoint viewers, although prior to the filing of the petition a railroad company had laid its tracks upon the road in question without having constructed a new road to take the place of the old one thus obstructed.

2. Under the Act of June 13, 1836, P. L. 551, authorizing the appointment of viewers to vacate a public road, a petition for the appointment of such viewers is sufficient if it sets forth that the road had "become useless, inconvenient and burdensome."

*Road law—Appeals—Certiorari—Questions of fact—Review.*

3. On an appeal from an order of the court of quarter sessions dismissing exceptions to the report of viewers vacating a public road, the appellate court cannot review matters of fact although such matters are discussed in the opinion of the court below. The writ of certiorari in such a case brings up the record only.

Argued Nov. 16, 1911. Appeal, No. 16, Oct. T., 1911, by W. S. Hastings et al., Supervisors of Drumore Township, from order of Q. S. Lancaster Co., Minutes 585, dismissing exceptions to board of viewers In re Vacation of a portion of Drumore Township Road. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of viewers.

HASSLER, J., filed an opinion the material portions of which are as follows:

The first two exceptions to the report of the viewers

vacating the public road in question are to the effect, that as the Columbia & Port Deposit Railroad previous to the commencement of these proceedings had laid its track upon the road, there was none in existence to vacate, as their act in so doing was an appropriation of the road, and laying its tracks upon it was a vacation of it, so that no viewers could be appointed to vacate it until the railroad company had constructed and opened a new road in its place.

The Act of assembly, namely, June 13, 1836, sec. 18, P. L. 551, authorizing courts to appoint viewers to vacate a road, does not fix any time when it can be done. If there is a public road in existence, even though it be obstructed, as this one is alleged to have been, proceedings can be commenced to vacate it, whenever any cause for which the act of assembly authorizes that commencement, exists, that is, whenever it has become useless, inconvenient or burdensome. Nor do we understand how it would benefit the exceptants if we were to sustain these exceptions for the reason given. If it was vacated by the act of the railroad company no harm can come to them by having viewers report what already had been done.

The authorities cited on this subject by the exceptants do not sustain their position. The Act of February 19, 1849, sec. 13, P. L. 79, authorizes a railroad company, whenever it is necessary in the construction of its road to change the site of a public road, to do so, but it must, at its own expense, construct a new one to take its place. In Phillips v. Dunkirk, etc., R. R. Co., 78 Pa. 177, it is decided that only when the new road is constructed, is the old one legally vacated. To the same effect see Penna. R. R. Co.'s App., 128 Pa. 509. In Mellick v. Railroad Co., 203 Pa. 457, it is decided that if a railroad company obstructs an old public road before constructing a new one, it must show a clear necessity for doing so or it is a trespasser, and is liable in damages to anyone who suffers them by reason of not having the use of it. The taking possession of a road, therefore, is not a vacation of it,

but a trespass. A vacation so as to deprive the public of a right in the old road is not complete until a new road is constructed. This is all that the cases cited by the exceptants decide, and as no new road was constructed by the railroad company to take the place of the one occupied by its tracks, it was not vacated. But if it, from any cause, had become useless, inconvenient or burdensome, proceedings could be commenced to vacate it.

The third exception is that the petition for the appointment of viewers was insufficient in that it sets forth "That by reason of the change of conditions in that vicinity said public road has become useless, inconvenient and burdensome to the inhabitants of said township," without stating what the changed conditions were, and that, therefore, the appointment of viewers was improvidently made.

The Act of June 13, 1836, sec. 18, P. L. 551, authorizes the appointment of viewers to vacate a road whenever the same shall "become useless, inconvenient or burdensome." Section 23 of the same act provides that "the petition shall set forth in a clear and distinct manner, the situation and other circumstances of such road or highway, or of the part thereof which the applicants may desire to have vacated." Under this act the Superior Court has decided that it is sufficient if the petition set forth that the road has become useless, inconvenient and burdensome. In Keller's App., 5 Pa. Superior Ct. 222, it is said, "The grounds upon which the petition was based were in the usual form, that the road was useless, inconvenient and burdensome. This sets forth the general condition of the road with sufficient clearness, and the viewers having found this as a fact and that fact having been approved and their report confirmed by the court, we cannot consider the question of its correctness. The proceedings upon their face are regular, the requirements of the law have been fully met and the decree of the court below is therefore affirmed." This was followed in Manheim Township Road, 12 Pa. Superior Ct. 279, and in West Donegal

Twp. Road, 21 Pa. Superior Ct. 620. This statement in the petition has been held to be sufficient by this court in Road in West Donegal Twp., 19 Lanc. Law Rev. 293; Road in West Earl and Ephrata Twps., 21 Lanc. Law Rev. 58, and Road in East Hempfield Twp. (No. 1), 21 Lanc. Law Rev. 225.

In Sewickley Twp. Road, 23 Pa. Superior Ct. 170, where the viewers reported that the road "is becoming useless and inconvenient on account of the construction of a coal tipple and railroad siding by the Penn Gas Coal Company," it was decided that the exception to the report should be sustained, because the court has no jurisdiction to vacate a road that was becoming or was about to become useless, inconvenient and burdensome, but only where it actually is so. The report was not set aside because it appeared that a coal tipple and a railroad siding had been constructed upon it.

The depositions in this case show that the changed conditions are the abandonment of the station, hotel and some dwellings at or near this road, and not in its occupation by the tracks of the railroad company. There is, therefore, no merit in this exception.

\*        \*        \*        \*        \*        \*        \*        \*

The sixth exception is that the report does not show what the changed conditions in the public road were to render it useless, inconvenient and burdensome. This is not necessary as we have explained in disposing of the third exception. The report does not show that the viewers found that the road has become useless, inconvenient and burdensome, and the deposition shows what the changed conditions are.

\*        \*        \*        \*        \*        \*        \*        \*

*Errors assigned* were (1–10) in dismissing exceptions to report of viewers.

*T. B. Holahan, B. F. Davis* and *R. V. Alexander,* for appellant.—The appropriation of the public road by a

railroad company is a vacation of it: Abington Twp. v. North Penna. R. R. Co., 8 Montg. County, 138.

The petition praying for appointment of viewers or the report of viewers must set forth more than that the road is useless, inconvenient and burdensome: Abington Twp. Road, 3 Lack. Jurist, 187; Dover Twp. Road, 1 York Leg. Rec. 219; Otter Creek Twp. Road, 104 Pa. 261; Peach-bottom Twp. Road, 11 York Leg. Rec. 11; Hamiltonban Twp. Road, 19 Pa. C. C. Rep. 648; Sewickley Twp. Road, 23 Pa. Superior Ct. 170.

*W. U. Hensel,* with him *H. Frank Eshleman* and *W. F. Beyer,* for appellees.—A petition for the vacation of an entire private road is sufficient which sets out that the road is useless, inconvenient and burdensome: Keller's App., 5 Pa. Superior Ct. 222; Stowell's App., 1 W. N. C. 383; Ohio & Ross Twp. Road, 166 Pa. 132; Amwell Twp. Road, 28 Pa. C. C. Rep. 129; Columbus Twp. Road, 13 Pa. Dist. Rep. 541; s. c., 28 Pa. C. C. Rep. 401; Young Twp. Road, 27 Pa. C. C. Rep. 106.

OPINION BY HENDERSON, J., March 1, 1912:

The questions of law raised by the first, third, sixth and seventh assignments of error are well disposed of by the learned judge of the court of quarter sessions in his opinion filed in the case. The other assignments relate to questions of fact proper for the determination of the court of quarter sessions but not now before us as the writ of certiorari brings up the record only. We cannot go outside of that to consider matters of fact although they are discussed in the opinion of the court below: Hamilton St., 148 Pa. 640. The record is regular on its face and the argument of the appellant's counsel has not persuaded us that the proceeding was erroneously confirmed.

The exceptions are overruled and the order affirmed at the cost of the appellant.