## Com. ex rel. S. S. Cord *v.* Magnolia Villa Land & Improvement Co. et al., Appellants.

*Attachment under act of 1869—Bond—Measure of damage.*

In an action upon a bond given in an attachment under the acts of March 17, 1869, P. L. 9, and May 24, 1887, P. L. 197, the measure of damages is the pecuniary loss ordinarily and naturally resulting from the seizure of the goods, such as loss of sales, interruption of business, and expenses necessarily incurred, but it does not include a loss that is indirect or consequential, or punitive damages recoverable for the malicious use of civil process.

Argued March 29, 1894.   Appeal, No. 232, Jan. T., 1894, by defendants, from judgment of C. P. No. 1, Phila. Co., 1892, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Assumpsit on bond given in attachment proceedings under act of March 17, 1869.   Before BIDDLE, J.

The facts appear by the opinion of the Supreme Court.

The jury, after having been charged, returned to ask a question; the court thereupon charged them further as follows:

" [The question which you ask me is 'Can the jury allow plaintiff damages for loss of reputation and credit in consequence of this attachment, or are we confined to the actual money damages sustained by him?'

" You can allow for the injury which any one would be subjected to generally by the issuing of such writ.] [12]  No special damages have been shown to the mercantile credit or reputation of the plaintiff in this case.   Do I make myself understood by you, gentlemen?  [That is to say, that where an attachment has been issued, and ties up a man's property, if you consider that that mere fact injures his credit and reputation generally, you can consider that in fixing the damages.] [12]   There has been no evidence of a special loss of business credit in this case, and therefore there should be no allowance for any such loss.   [It would be simply the general loss which the issuing of such a writ, if any, would cause the defendant.] " [12]

[The Second Juror: "Do we understand your Honor that we are bound simply by the actual money damages that he has sustained, or, in other words, can the jury, if they feel it to be a fact that he has been injured outside of his money loss, give damages in consequence of this attachment?"

The Court: "Yes, they can do that.] [12]    What I said to you before was ' In assessing the damages the jury have a right to consider the.cash expenditures of Mr. Cord made necessary by the attachment, the loss of time it caused him and.the inconvenience, annoyance and extra trouble to which it subjected him.'

"If you mean by credit—you cannot give him damages for injuring his business credit, because there has been no evidence that his business credit was injured, but you have a right to consider, I say, all those facts which I have stated to you. [There are some things which are not susceptible of being reduced to dollars and cents; it cannot be done, although you see the force perhaps that injury has done to a man's business and character by the issuing of any such writ. That you can consider. As business men you can consider that without specially allowing anything for loss of mercantile credit.]" [12]

Verdict and judgment for plaintiff for $2,000.

*Errors assigned* were (12) instructions, quoting them.

*James W. M. Newlin*, for appellants.—The court allowed the jury to guess at impossible damages, on an assumed condition of facts which plaintiff showed not to be true.

The court erroneously allowed damages for injury to reputation generally: Sutherland on Damages, § 55; Neese v. Radford, 19 S. W. Rep. (Texas) 141.

The court erroneously treated appellant as if a defendant in a malicious prosecution in which no probable cause had been shown, and in which malice had been proven.

*Wm. W. Smithers*, for appellant.—Plaintiff is entitled to such damages as a jury may think he has sustained by the wrongful seizure and detention of his property. If it was taken out of his possession he may be entitled to the value of it; if seized and left in his possession, to such damages as may

be awarded for the unlawful intermeddling with his property: Dunning v. Humphrey, 24 Wend. 31; Reidhar v. Berger, 8 B. Mon. 160; Pettit v. Mercer, 8 B. Mon. .51; Meyer v. Fagan, 51 N. W. R. 753; Lewis v. Taylor, 24 S. W. R. 92; Tynberg v. Cohen, 24 S. W. R. 314; Trammell v. Ramage, 11 S. R. 916.

In Pennsylvania, while there is no case directly in point, the scope of the damages is at least .adumbrated in Plunkett v. Sauer, 101 Pa. 356, where in settling a question of set-off it was indicated that a man had a right to recover. on the bond the damage arising from his mill being closed.

OPINION BY MR. JUSTICE FELL, July 12, 1894:

This action was upon a bond given in a proceeding under the Act of March 17, 1869, and its supplements, by which the personal property of the plaintiff was attached. The condition of the bond follows the language of the Act of 1869, as amended by the Act of May 24, 1887, and is: "Now the condition of this obligation is such that if the said plaintiffs shall fail to prosecute such attachment with effect, or if such attachment be quashed, dissolved or ended, the said plaintiffs shall pay to the said defendants all legal costs, fees and damages which the said defendant may sustain by reason of such attachment, then the foregoing obligation is to be void; otherwise the same shall be and remain in full force and virtue."

The attachment was issued May 13, 1890, and, after hearing, dissolved March 19, 1891. Of the numerous assignments of error, it is necessary to consider only the twelfth, which must be sustained, as it was left open to the jury to find a wrong measure .of damages. The recovery allowed by the act is for all legal costs, fees and damages sustained by reason of the attachment. This would include all damages for pecuniary loss ordinarily and naturally resulting from the seizure of the goods, such as loss of sales, interruption of business and expenses necessarily incurred, but not loss that was indirect or consequential, or punitive damages recoverable for the malicious use of civil process. Any suit may be said to injure to some extent the business standing of a defendant, and to cause damage; but the ordinary penalty for bringing an unfounded action is the recovery of costs, and recovery for the misuse of civil

process is confined to cases of the seizure of the person or goods of the defendant.

This was the case at the time of the passage of the Act of 1869, and the only additional penalty provided by it was liability for damages, as well as for costs, sustained by reason of the attachment. The Act of 1887 gave the additional penalty of the payment of fees. A party whose goods have been attached may recover for the malicious use of civil process if the facts warrant it, but, in a proceeding on the bond executed in pursuance of the requirements of the statute, the liability of the attaching creditor and his surety cannot be extended beyond its terms.

This view seems to have been entertained by the learned judge before whom the case was tried, who submitted it to the jury in a careful and accurate charge. They returned for further instruction, and by what was doubtless an inadvertency it was said that there could be a recovery beyond the plaintiff's pecuniary loss. It was thus left to the jury to take a wrong rule in assessing damages, and for that reason the judgment must be reversed.

The twelfth assignment of error is sustained, the judgment is reversed, and a venire de novo granted.