# B. H. Voskamp & Co. *v.* Emma Connor, wife of A. J. Connor, Appellant.

*Married women—Sale of goods—Evidence—Question for jury.*

In an action against a married woman for goods sold and delivered where the defendant denies that she was engaged in the grocery business when the goods were sold and that she ever purchased any of them, and avers that they were sold to her husband and on his credit, and the evidence is conflicting, the case is for the jury, and a verdict and judgment for plaintiff will not be disturbed.

*Practice, S. C.—Defective assignments.*

Where a specific portion of a charge is assigned for error, a second assignment, which alleges error in charging the jury as follows and for specification thereof recites the entire charge bodily, including the paragraph complained of in the first assignment, such an assignment is as far from being specific as it can well be made. An assignment which alleges error " in submitting the case to the jury under the evidence " is equally defective.

Argued Nov. 2, 1895. Appeal, No. 207, October Term, 1895, by defendant, from judgment of C. P. No. 2, Allegheny Co., July Term, 1894, No. 58, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The court charged as follows :

There does not appear to be much doubt that the plaintiffs,

Voskamp & Co., sold goods to a store that was carried on in the name of A. J. Connor, and that there is a balance of some $445 remaining unpaid on those goods. It does not follow from that that Mrs. Connor is bound to pay them, or that you or I are bound to pay them. There must be something to make the legal obligation.

A married woman is not responsible for the debts of her husband as a general rule, and prior to 1887, if all that is alleged here had occurred, Mrs. Connor could not have been held liable for these goods.

Now I do not understand that there is any particular dispute but that the business here was carried on in the name of A. J. Connor. The bill heads and papers and so on were so executed and the orders of goods were in the name of A. J. Connor. The salesman says that he did not know what Mrs. Connor's name was. The sales are entered on the books that way, but some clerk did that.

If this was actually her store, and the husband acting as her agent and the others acting in that way, she would be responsible. Since 1887 a married woman can carry on business much the same as her husband, but there are certain things she cannot do: She cannot become security for the debt of her husband; but she can pay her own debt, and the husband can become security for her.

The testimony of the husband and wife is that it was the store of the husband. Now there is enough to put the plaintiffs on their guard as to whose store it was, from the orders that they got in the name of A. J. Connor, and if they recover (unless you find that it was actually the store of the wife and not of the husband) they will have to recover on account of Mrs. Connor's statement and allegation to the plaintiffs. Mr. Schewe says that she called there and talked the matter over and told him that she was married, that she was carrying on a store and that the credit would be as good as of old. It seems she had carried on a store when she was a widow and had dealt with these plaintiffs and had paid her bills. The account was satisfactory and Mr. Schewe was anxious to get it back. He says that she told him, substantially, that she was carrying on the store. He says her credit was good, and I think he said he told her he would send around a salesman next week for an

order.   Now he says that she said nothing about her husband being in the business; he understood it as her own.   But she denies this.   She says that she told him her husband was running it.   She says that her husband was there and when the first order was given (or at least by implication) that she introduced her husband and that he gave an order.   I think perhaps she was misunderstood in regard to that; that that was at some later time than the first order, because she at another time said the first order was given in the store and that it was given to Charles Voskamp.   Charles Voskamp said he took the first order and took it from her.   She says it was from the older daughter, who is dead.   He says he got nearly all the orders from her; that sometimes the daughter, and later the husband, gave orders.   She says she rarely ever gave an order.   It is a question for you as to who is mistaken in this matter.

[To enable the plaintiffs to recover, unless you find that the store was actually the wife's (and the weight of the testimony appears to be the other way) you will have to find that she represented to the plaintiffs that it was her store and she was buying the goods.   If she did that, she was bound to give them notice of a change when she quit.]   [1]

The burden is on the plaintiffs in this case to satisfy you by the weight of evidence that she contracted with them for herself; that she represented to them that it was her store and she was getting the goods, and your verdict ought to be either for the amount of the bill or for the defendant.

Verdict and judgment for plaintiff for $477.   Defendant appealed.

*Errors assigned* were (1) portion of charge as above; (2) the whole charge, quoting it; (3) in submitting the case to the jury.

*L. K. Portem, Wm. Blakely* and *S. G. Porter* with him, for appellant.—The jury were not properly instructed as to the rights of married women: Patrick & Co. v. Smith, 165 Pa. 526; Gockley v. Miller, 162 Pa. 271; Latrobe Building & Loan Assn. v. Fritz, 152 Pa. 224; Real Est. Inv. Co. v. Oliver Roop, 132 Pa. 496; Youngman v. Miller, 2 Outerbridge, 196.

*John R. Harbison* and *W. A. Challener,* for appellee, were not heard.—The credibility of the witness was for the jury: Thomas & Son v. Loose, 114 Pa. 35.

PER CURIAM, January 6, 1896 :

In this action against Emma Connor, wife of A. J. Connor, for goods alleged to have been sold and delivered to her, the defendant interposed the following defense : That she was not engaged in the grocery business when the goods were sold and never purchased any of them; that they were sold to her husband A. J. Connor and on his credit.

Testimony, to which no exception appears to have been taken, was introduced by both parties, and questions of fact for the consideration of the jury were presented.    Without any request for special instruction from either party the case was submitted to the jury and a verdict in favor of the plaintiffs was rendered.

We fail to discover any error in that paragraph of the charge recited in the first assignment.

The two remaining assignments are as far from being specific as they could well be made.    One of them alleges error "in charging the jury as follows ; " and, for specification thereof, it recites the entire charge of the court, bodily, including the paragraph complained of in the first assignment.    The other charges error "in submitting the case to the jury under the evidence."

A careful consideration of the record has failed to convince us that either of these assignments should be sustained. Neither of them involves any question that requires discussion. The only serious question in the case was one of fact and that was settled by the verdict.

Judgment affirmed.