# E. H. Griffith, Appellant, v. George Knarr.

*Contract—Reaffirmance—Allegata and probata—Question for jury.*

A written agreement to purchase property by two partners was executed by one partner and repudiated by the other. The statement alleged that the executing partner subsequently agreed with plaintiff, the vendor, that he would be bound by the agreement and would pay the money called for therein regardless of the refusal of his partner to execute the said contract. The defendant offered evidence to vary the terms of the written contract. The court below held that all the evidence tending to vary the written contract was insufficient. *Held*, (1) the trial judge properly withdrew this evidence from the jury, and (2) that the attempt to vary the written contract having failed the case, by the allegata and probata, turned on the question whether defendant individually and independently assumed the obligation of the payment according to its terms, and that this was a question for the jury.

Argued Feb. 17, 1896. Appeal No. 1, Feb. T., 1896, by plaintiff, from judgment of C. P. Clearfield Co., Dec. T., 1894, No. 439, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit upon parol contract which the defendant was alleged to have made, affirming a written contract signed by said defendant and intended to have been executed by himself and partner, but which had been repudiated by said partner, to recover $300, being the balance alleged to be due on the contract price of a mail line purported to have been sold by the plaintiff to defendant.

The facts sufficiently appear from the opinion of the Superior Court.

*Errors assigned* were, (1–3) relative to admission of evidence to vary the written contract; (4–9) relative to portions of the charge and answers to points; (10) qualified affirmance of plaintiff's sixth point alleged to have been based on undisputed evidence, the language of the court being as follows: " We affirm this point also, if you find the facts to be as stated."

380    GRIFFITH, Appellant, *v.* KNARR.

Arguments—Opinion of the Court.    [1 Super. Ct.

*Thos. H. Murray, Allison O. Smith* with him, for appellant.—
1. A contract so drawn as to contemplate an execution by
several, but in fact executed by one, is binding on that one.
2. To relieve the obligor by signing and sealing such a con-
tract, there must be proof of a stipulation or condition that the
contract shall not be binding unless all have signed it.   3. The
proof of such stipulation or condition must relate to the time
of execution.   In support of the first and second propositions,
see Grim v. School Directors, 51 Pa. 219; Cutter v. Whitte-
more, 10 Mass. 443; Whittaker v. Richards, 134 Pa. 191.
As to when parol evidence may be used to contradict' or vary
the express terms of a writing, a single authority may be relied
on: Hoffman v. Railroad, 157 Pa. 174.   As to tenth assign-
ment—an answer to a correct point must be distinct and un-
equivocal: Railroad v. Reed, 5 Cent. Rep. 862; Tenbrooke
v. Jahke, 77 Pa. 392; Hood v. Hood, 2 Grant, 229; Carpenter
v. Mayer, 5 W. 483; Powers v. McFerran, 2 S. & R. 44.

By plaintiff's sixth point instructions were asked as to the
effect of an undisputed fact and appellant was entitled to un-
qualified affirmance.

*David L. Krebs, William Paterson* with him, for appellee.—
There was no real common intention and, therefore, no agree-
ment: Pollock's Principles of Contracts, page 400; Cortelyou's
Appeal, 102 Pa. 576; Fessler, Johnson and Lyon v. S. Fessler,
7 W. 48; Keener v. Crago, 81* Pa. 166; Sharp v. United
States, 4 Watts, 21.   The status of the case is that the appellant
seeks to evade the issue of fact deliberately raised by himself,
and being defective falls back upon the supposed legal right
flowing from the instrument on which he has not declared.

OPINION BY SMITH, J., March 18, 1896:

In December, 1874, E. H. Griffith, owner of a stagecoach
plying between Marion, Indiana county, and Punxsutawney,
Jefferson county, made an agreement for the sale of the outfit
to Knarr & Schoch for $400; with other stipulations not ma-
terial here.   The terms were orally agreed upon at Punxsu-
tawney, where Knarr and Schoch lived.   A few days later Knarr
went to Marion, the residence of Griffith, where the contract
was reduced to writing, signed and sealed by Griffith and

Knarr, and $100 of the price receipted by Griffith; the residue being payable by installments. In this contract, dated December 14, 1874, the parties were described as E. H. Griffith of the first part, and George Knarr and Henry Schoch, doing business under the title of Knarr & Schoch, of the second part; and the horses that formed part of its subject-matter were described as " the grey team now being driven by William Clark." On the same day Knarr received the hack and gray horses into his custody and returned with them to Punxsutawney, the team being driven by Clark; and the written contract was sent with them to be signed by Schoch. Schoch refused to sign it, alleging that the horses bargained for were a bay team and not the gray team. A few days afterward, Knarr & Schoch sent the horses back to Griffith, who refused to receive them. They were then left at a hotel and subsequently sold for their keeping. The written contract was returned to Griffith, who thereafter retained it.

In 1879 and again in 1881, Griffith began suit in Indiana county against Knarr, but failed to obtain service on him. In 1894 he began suit in Clearfield county, where Knarr then resided, against Knarr & Schoch, and obtained service on Knarr alone. The plaintiff's statement in this action, filed November 22, 1894, set forth the contract of December 14, 1874, as the foundation of the action, and claimed the balance of $300 remaining unpaid, with interest. September 7, 1895, on plaintiff's motion, the record was amended by striking off the name of Schoch and leaving Knarr the sole defendant. At the same time an amended statement was filed, setting forth the contract of December 14, 1874, as the foundation of the action, and averring " that while the contract was drawn between him, the plaintiff, and George Knarr & Henry Schoch, doing business as Knarr & Schoch, that when it came to be executed, a dispute arose between the said George Knarr and the said Henry Schoch, and Schoch refused to execute the contract, but Knarr executed it, and agreed with the plaintiff that he would be bound by it, and would pay the money called for therein, regardless of Schoch's refusal to execute the contract." On the trial the plaintiff elected to proceed on the amended statement. Though the amended statement avers that " the plaintiff's claim is founded upon " the contract of December 14, 1874, it

sets forth the claim as resting, not on the original obligation of that contract, but on the alleged oral agreement by Knarr, after Schoch had refused to sign it, to " pay the money called for therein, regardless of Schoch's refusal to execute the contract." This alleged agreement was denied by Knarr, and the greater part of the evidence on the part of the plaintiff was offered for the purpose of proving it.

Besides denying this alleged oral agreement, the defendant contended that the bargain between the parties was for the sale of a bay team, and that a " grey team " was substituted in the written contract by fraud, accident or mistake. After hearing all the evidence on this subject the trial judge very properly held it insufficient to affect the written contract, and withdrew it from the consideration of the jury.

The attempt to vary the written contract failing, the case was, by the allegata and probata, made to turn on the question whether Knarr, after the refusal of Schoch to sign the contract, individually and independently assumed the obligation of payment according to its terms. This was the allegation of the amended statement, and to the proof of this the plaintiff's evidence was, in the main, directed. Upon the evidence offered, the jury found for the defendant.

The first, second and third assignments of error relate to the admission of evidence to vary the written contract. It was the duty of the court below to receive any competent evidence offered for this purpose, and to determine its effect in the first instance. The evidence received was pronounced insufficient for the purpose, and the written contract was held to express the agreement of the parties. Of this conclusion the plaintiff assuredly cannot complain, and it leaves nothing for these assignments to operate on.

The very able argument of the appellant's counsel has failed to convince us of any merit in the remaining assignments. They relate to portions of the charge, and answers to points, which in our view are fully justified by the pleadings and evidence. The issue raised by the pleadings was exclusively for the jury, and was fairly submitted to them upon the evidence adduced. Their verdict is beyond our control; if erroneous, the only remedy was an appeal to the court below for a new trial.

Whether the case might have been so presented by the plaintiff as to entitle him to recover against Knarr on the original obligation of the written contract, we need not now consider. In the aspect in which it was presented, the question at issue was whether, after Griffith and Knarr had signed the contract, and Schoch had refused to sign it, Knarr, independently of any obligation under it, agreed to pay in accordance with its terms. In this aspect it was fairly tried, and we find no error in the record.

The assignments of error are overruled, and the judgment is affirmed.