# W. S. Taylor *v.* John Sattler and George P. Bickel, Appellants.

*Practice, Superior Court—Appeals—Defective assignment.*

An assignment of error is defective under Rule 15 of the Superior Court which assigns for error the whole charge without further specification.

The purpose of an assignment of error is to place upon the records of the appellate court the specific ground of complaint on the part of the appellant.

*Appeals—Review—Theory of trial below followed.*

A case will be treated in the appellate court as it was tried below. It must be regarded as the trial judge was led to view it from the pleadings, the evidence and the contentions of counsel. The appellate court ought not to consider whether it might or should have been tried on some theory that would have led to a different result; when no radical error is manifest the appellate court will adhere to the theory of the case which the parties adopted, and in view of which the court instructed the jury.

*Appeals—Review—Appellant may not shift theory of the case.*

Where the verdict of the jury established the liability of the defendants upon the theory of the case by which they chose to have it tested, they cannot be permitted on appeal to change their ground and allege that the case should have been treated in accordance with a view not presented on the trial.

*Attachment under act of 1869—Bond—Action—Damages.*

An action may be maintained on a bond given in an attachment proceeding under the Act of March 17, 1869, P. L. 8 as amended by the Act of May 24, 1887, P. L. 197, where there has been a failure to prosecute the action with effect or where the attachment has been quashed, but recovery in such action is limited to legal costs, fees and damages sustained by reason of the attachment.

Argued April 12, 1897. Appeal, No. 7, April T., 1897, by defendants, from judgment of C. P. No. 3, Allegheny County, February Term, 1894, No. 534, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed. REEDER, J., dissents.

Assumpsit on a bond given in a writ of attachment issued pursuant to the act of 1869. Before KENNEDY, P. J.

The facts sufficiently appear in the charge of the court below:

On or about April 1, 1891, John Sattler, one of the defendants in the case, commenced an action against the plaintiff, Mr. Taylor, by an attachment and proceeding under one of our statutes, and that attachment was served or executed on or about the first of May following, attaching certain property of the plaintiff, W. S. Taylor. At the time of the issuing of the attachment, the plaintiff in that action, Mr. Sattler, as he was required to do, gave a bond, with the other defendant here, George P. Bickel, as surety, the condition of that bond being that he, Sattler, would prosecute his attachment and proceeding to success, or, failing therein, he would pay to Mr. Taylor any damage or loss accruing to him by reason of this attachment.

The attachment was issued about the first of April, 1891, and served about the first of May of the same year. That attachment remained until May of 1893, upwards of two years, when it was dissolved or quashed by an order of court; in other words, Mr. Sattler failed to sustain his attachment proceedings, and then Mr. Taylor, as he had a right to do, brought an action upon the bond that had been given by Mr. Sattler, with Bickel as surety, to recover the damages which he alleged he sustained by reason of the issuing and continuance of this attachment for something like upwards of two years, and that action you have been sworn to try in this case. It is admitted by the pleadings in this case by the defendants that this property of the plaintiff, was duly attached. In their affidavit of defense they do not deny that the property was attached under the proceedings commenced by Mr. Sattler, and they do not deny that they failed to sustain that attachment proceeding. And hence Mr. Taylor is entitled to recover in this action damages, if any, which he has suffered by reason of the attachment. The property attached

consisted of tools used in the drilling of oil wells. You have heard them described; and Mr. Taylor has given to you the cost of those tools, and his estimate of their value at the time of the attachment. The most of them were second-hand tools, but he alleges they were worth at least two thirds of their original cost, and he has given you in detail the cost of the tools that were attached. He claims that they were a total loss to him; that this attachment remained in force for upwards of two years, and in the meantime the tools all went to destruction. He says that whatever was left there, if anything, was worthless, and he therefore asks at your hands a verdict for all the tools, because they were a total loss to him.

It appears in the proceeding, gentlemen, that a portion of the tools, however, at the time of the attachment, were in the well which was in process of drilling, and were fast there and were never gotten out. Of course, for those the plaintiff is not entitled to recover. He does not suffer any loss by reason of the attachment upon those articles that were at the time fast in the well. Of course, the attachment proceeding did not increase that loss, or did not cause the loss of those tools, and as to them he is not entitled to recover. The plaintiff admits that, and his counsel frankly stated that you may omit those in your consideration in making up your verdict. But he claims, as to the other tools that were on the ground, to recover their full value at the time, and his estimate of them, and the estimate of his witnesses, is something upwards of $900. He claims, in addition, for loss of time, some $18.00, and railroad fare $10.00, making $28.00 actual loss or outlay incurred by him by reason of the attachment, in having to attend it here.

In substance that is plaintiff's claim, amounting in the aggregate to something like $900 or $1,000, and for that he asks a verdict at your hands. The defendants, while admitting by their affidavit of defense that these tools were attached, and that they did remain under the attachment for upwards of two years, yet claim that a large number of the tools were in this well, and a total loss to the plaintiff irrespective of the attachment. They claim that there were other tools in the well besides those admitted to be there by the plaintiff. That is for your consideration. Any tools you find were in this well, and lost by reason of being there, of course the plaintiff is not entitled to

recover for. The plaintiff admits that; but he gives you, as he claims, a complete list of those articles, and says that those are all the articles in the well, and only for those should there be any reduction made from his claim.

The defendants claim, further, that these tools that were there, and attached—that were not in the well I mean, but that were taken under this attachment—were not of the value that the plaintiff puts upon them; that they were second-hand tools and worth much less in value. That is another question for you to determine: what the tools were actually worth that were not in the well—what they were fairly and reasonably worth in the market. For that amount you are to allow the plaintiff, if they were not left there at the time the attachment was dissolved, and in the same condition that they were at the time the attachment was issued. In other words, if the goods were either lost or destroyed, or injured, by reason of the attachment, for that loss, destruction or injury the plaintiff would be entitled to recover in this action. But if they were there in the same condition when the attachment was dissolved that they were at the time the attachment was issued, and the plaintiff could have had them by going for them, then he did not suffer any loss. But the plaintiff claims that they were a total loss by reason of this attachment; and you will bear in mind that this attachment remained there for some two years. If the property was left without proper care for that time, of course it would be liable to deteriorate in value.

Now, then, whatever loss or damage the plaintiff suffered by reason of this attachment, continuing in force for upward of two years, for that amount, if any, you will allow, by your verdict in this case, in favor of the plaintiff.

Counsel for defendants have asked us to instruct you as follows :

1. That to recover damages in this case by reason of the attachment, the same must be clearly proven. *Answer :* This point is affirmed.

2. That if it appears to the satisfaction of the jury that the loss, if any, in this case, was caused by the negligence of the plaintiff himself, in not looking after his property when the attachment was dissolved, the plaintiff cannot recover. *Answer :* This point is affirmed.

3. That it was clearly the duty of the plaintiff to look after his property in some reasonable time after the attachment was dissolved. *Answer:* This point is affirmed. You will recollect in this connection that the plaintiff maintains that the property, whatever was there, was utterly worthless to him at the time of the dissolution of the attachment, while the defendants maintain that it was as good as when the attachment was issued.

4. That the sheriff's return in this case is not in evidence properly, and, while the attachment was issued, the alleged service of the same is denied by the alleged garnishee, Fred. Opperman, and is not binding on defendants. *Answer:* This point is refused. As I have said, the defendants have not denied, in their affidavit of defense, that the attachment was issued and served; in other words, they have not denied that this property was attached, as claimed by the plaintiff.

To which charge of the court counsel for the defendants except, and, at their instance, bill sealed.

*Error assigned* was to the charge of the court reciting same.

*A. H. Rowand* and *James Fitzsimmons*, with them *H. H. Rowand*, for appellants.—The case discloses no evidence that will warrant the judge in submitting to the jury the question as to the amount of damages which were indirect and consequential. In this case the entire charge of the court, which is practically assigned for error, shows that the court mistook the law of this case and allowed the plaintiff below, and appellee here, to recover for that which was not comprehended under the terms or provisions of that statute, or of the bond to be given thereunder.

It is scarcely necessary to say anything more than to refer to the cases of the Com. v. Land and Improvement Co., 163 Pa. 99; Berwald v. Ray, 165 Pa. 192.

*J. M. Stoner*, with him *F. R. Stoner*, for appellee.

OPINION BY SMITH, J., October 18, 1897:

In Com. v. Swayne, 1 Pa. Superior Ct. 547, this court expressed its disapproval of the practice of assigning for error the entire charge, without further specification, for reasons thus

tersely stated by our Brother BEAVER: "Rule 15 of this court provides that each error relied on must be assigned particularly and by itself. What is the error relied upon in this assignment? Is it that the charge of the court taken as a whole was inadequate, or that it was unfair to the defendant, or that it failed to state the evidence specifically and fairly, or that the conclusions of law therein set forth were erroneous? We cannot tell. The particular error complained of should be specifically set forth, so that the attention of the court may be directed thereto. This assignment, therefore, lacking as it does the essential element of particularity, is not considered." This ruling is the logical outcome and application of the proposition laid down by the Supreme Court that: "The purpose of an assignment of error is to place upon the records of this court the specific ground of complaint on the part of the appellant: " Rosenthal v. Ehrlicher, 154 Pa. 396, WILLIAMS, J.

It is well settled that, in the absence of a request for specific instructions, mere errors of omission in the charge can be complained of in the appellate court only in exceptional cases; as, for instance, when the presentation of the question involved is so imperfect and inadequate as either to leave the jury practically without direction on important points, or tends to mislead them, as in Tietz v. Traction Co., 169 Pa. 516; Richards v. Willard, 176 Pa. 181; when some aspect of the evidence demands that the attention of the jury should be called to it as involving material questions for them to consider and determine, as in cases of which Herstine v. R. R. Co., 151 Pa. 244, is a type; when prominence is given to evidence on one side, without adequate reference to evidence in contradiction, as in Herrington v. Guernsey, 177 Pa. 175; Lerch v. Bard, 177 Pa. 197; or where, in a trial on indictment, it is the duty of the court to fully instruct the jury with respect to the ingredients of the offense and the evidence necessary to convict. As to errors of commission, there can be little difficulty in pointing them out, if not specifically, at least by description, as indicated in Com. v. Swayne, supra. Even in the rare instances in which the charge embraces but one point, or raises but one question, the practice of assigning it in lump is not to be commended. It is, in all cases, more in conformity with the spirit and purpose of the rule to present the portion alleged to be erroneous

" particularly and by itself," separated from extraneous matter. If this cannot readily be done, the specific character of the alleged error can be clearly indicated.

In the case before us, as in Voskamp v. Conner, 173 Pa. 109, the assignment is " as far from being specific as it can well be made ; " and, as was said in Walls v. Campbell, 125 Pa. 346, if we are to consider it, " we must treat the case here as it was tried below." We must regard it as the trial judge was led to view it from the pleadings, the evidence, and the contentions of counsel. We are not to consider whether it might or should have been tried on some theory that would have led to a different result. When no radical error is manifest, this court will adhere to the theory of the case which the parties adopted, and in view of which the court instructed the jury: Griffith v. Knarr, 1 Pa. Superior Ct. 379. " A judge who submits a case to a jury in the manner in which it is presented by counsel, ought not to be convicted of error for not presenting it in some other way to which his attention had not been called : " Hartley v. Decker, 89 Pa. 470, PAXSON, J. To determine, therefore, whether the trial judge may be convicted of error in the charge before us, we must examine the case as it was presented on the trial, and decide, not whether the theory on which the parties chose to present it was the correct one, but whether the charge of the court, upon that theory, can justly be complained of by the appellants.

The declaration alleges, as breach of the condition of the bond, that the obligors did not prosecute the attachment with effect, or recover a judgment therein, or pay the legal costs and damages which the defendant therein—the plaintiff here—sustained by reason of the attachment; and further avers, as the direct and specific cause of damages thus sustained, " that the defendant took under said attachment and afterward converted to his own use," the property attached. The plea of nonassumpsit, by which this was met, was merely a denial of the execution of the bond and the alleged breach of condition ; and as the affidavit of defense is not printed, it does not appear that anything else was in controversy. On the trial, the execution of the bond, with the failure to prosecute with effect, to recover judgment, and to pay the legal costs and damages, were not controverted ; and the evidence left nothing in issue but the

nature, cause and extent of the damages, as specifically laid— that is to say, the loss to the defendant in the attachment from the alleged possession and conversion of the goods, under the writ, by the plaintiff therein. The possession taken by the plaintiff in the attachment, of the premises on which the defendant's goods had been left, included the custody of those goods, and as to the greater portion of them nothing further is shown. The plaintiff in this action contended, on the trial, that by reason of this possession they were lost to him. This was denied by the defendants. This was the only matter in controversy. The evidence on both sides was directed solely to the condition and value of the property when the attachment was issued or executed, and when it was dissolved. There is no assignment of error to the admission of evidence to maintain this issue on the part of the plaintiff, nor to the rejection of evidence offered for the like purpose by the defendants. As the sheriff's return is not printed, it does not appear that the officer took possession of the property, or even saw it. Whether he had incurred any liability in the premises is a question not raised on the trial nor presented by the record. As already said, the case is to be treated here as it was tried below ; and as this question was not tried below, there is nothing to warrant its consideration here.

With the pleading and evidence before him, and having heard the counsel as to the matters which, in their view of the case, were involved, the trial judge thus stated the issue to be determined by the jury : " The plaintiff maintains that the property, whatever was there, was utterly worthless to him at the time of the dissolution of the attachment, while the defendants maintain that it was as good as when the attachment issued." Since this portion of the charge is excluded from the assignment of error, it must be accepted as an accurate statement of the issue made by the parties. The trial judge further instructed the jury that the damages recoverable were such as accrued " by reason of the attachment ; " and that, " if the goods were either lost or destroyed or injured by reason of the attachment, for that loss, destruction or injury, the plaintiff would be entitled to recover in this action. But if they were there in the same condition when the attachment was dissolved that they were at the time the attachment was issued, and the plaintiff could

have had them by going for them, then he did not suffer any loss." He further limited the extent of recovery by excluding from consideration tools which had become lodged in the well and could not be withdrawn. In the view of the case in which the parties united on the trial, this was certainly as favorable to the defendants as they had a right to expect. As to the measure of damages, it is entirely consistent with the law on that subject as stated in Com. v. Improvement Co., 163 Pa. 99, and in Berwald v. Ray, 165 Pa. 192.

Thus the issue was joined, and the case submitted to the jury, on the theory of the rights and liabilities of the parties which their counsel presented; neither the admission nor the rejection of evidence is complained of; and the specific instructions respecting the duty of the plaintiff, and the conditions under which he would not be entitled to recover, were such as the appellants in their points asked the court to give. The verdict established the liability of the appellants upon the theory of the case by which they chose to have it tested. They cannot now be permitted to change their ground and allege that the case should have been treated in accordance with a view not presented on the trial: Gowan v. Glaser, 3 Cent. Rep. 109. Their responsibility for the seizure and retention of the property under the attachment having been settled by the verdict, it is too late for them to protest that they had no part in the course of action by which the plaintiff was injured, and that he should seek redress from the sheriff.

Treating the case here as it was tried below,—on the theory upon which both parties proceeded, and which was substantially followed by the trial judge,—there is no error in the charge, the verdict was justified by the evidence, and the judgment must be affirmed.

Judgment affirmed.

Reeder, J., dissents.