In re Assigned Estate of Martin Emig.  Appeal of Samuel Harlacher, Administrator of Anna Mary Emig, deceased.

*Auditors—Auditor's report—Practice—Res adjudicata.*

Where an auditor's report is referred back to the auditor for a specific purpose of the reference, such as to find certain facts, the auditor is confined to the specified purpose, and cannot hear testimony as to matters which have already been adjudicated by the decree of the court.

The report of an auditor appointed to distribute a fund raised by an assignee's sale was referred back to him to find certain facts and to distribute the fund in accordance with the opinion filed. At the original hearing before the auditor a claim for arrearage of interest on dower was presented, but there was no evidence of any notice of such a claim having been given, at the sale or before that time to the heirs, so that they could protect themselves by bidding the property up. After the report was referred back to the auditor evidence was offered to prove that notice of the claim for arrears of dower had been given. *Held*, that the testimony involved a question which had been adjudicated, and that the auditor committed no error in rejecting it.

Argued May 18, 1898.  Appeal, No. 151, Jan. T., 1898, by Samuel Harlacher, from order of C. P. York Co., dismissing exceptions to auditor's report.  Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Exceptions to auditor's report, distributing the balance in the hands of the assignee of Martin Emig.

The facts appear by the opinion of BITTENGER, P. J., which was as follows:

By the decree of this court, under the act of assembly, in proceedings in partition in the estate of George B. Emig, deceased, the sum of $4,817.72 was charged upon the real estate of the assignor, the interest whereof was made payable to Anna Mary Emig, widow of said George B. Emig, deceased, annually on the first day of April, during her natural life, and at her death the principal sum to be paid to the six children of George B. Emig, naming them, in equal shares.  The widow died on December 2, 1895, and on February 22, 1896, the real estate was assigned by Martin Emig and wife, in trust for the benefit

of creditors of Martin Emig. Upon the death of the widow the dower fund became a lien on the land for the use of the heirs, and was at once payable to them according to the decree of the court. The widow's administrator claimed arrears of interest from April 1, 1891, amounting to $1,349.

The auditor found the proceeds of the sale of the real estate insufficient to pay the lien in favor of the heirs of George B. Emig, and which was discharged by the assignee's sale; and after deducting expenses and several awards properly payable, divided the balance pro rata between the heirs entitled and the attaching creditor of one of them, on her attachment. Upon exception filed, after argument and due consideration, the court set aside the report of the auditor and recommitted the report of the auditor to find certain facts mentioned in the opinion, and to first award the heirs and the attaching creditor entitled to the share of one of them, the amount due them as their shares of the dower fund, under the decree, and the balance to the administrator of the widow, on account of the amount claimed for arrears of annual interest, in accordance with the opinion of the court.

At the time of argument and filing of the opinion, there was no evidence of any notice, at the sheriff's sale, or before that time, to the heirs, of any claim for arrears of interest by the widow's administrator. The heirs were only interested, therefore (so far as the evidence shows), in having the property bring sufficient to pay the expenses and the dower fund. Inasmuch as they had no notice of a claim for arrears of interest they could not protect themselves by bidding the property up. This afforded a substantial argument in favor of the right of the heirs to receive their full shares made payable to them by the decree, at the death of the widow; and upon it, was partly based the decision of the court. The auditor was ordered to find certain facts and distribute the balance agreeably to the opinion filed. This was his whole duty, and the extent of his authority. The auditor, in such circumstances, is confined to the decree of the court: Wither's Appeal, 16 Pa. 151; Donnelly's Estate, 3 Phila. 18; Benson's Appeal, 48 Pa. 159.

At the instance of the counsel for the administrator of the widow, Anna Mary Emig, deceased, testimony was taken by the auditor before the filing of his amended report, under objection

by Mr. Trimmer, the counsel for the attaching creditor of the share of one of the heirs, and in his absence (he having withdrawn from the audit). The purpose of the evidence was to prove actual notice of the claim for arrears of dower interest to the heirs and the counsel for the attaching creditor of one of them before the sale. The auditor properly treated the evidence as not having any effect upon his report, and distributed the balance of proceeds of sale for distribution according to the directions of the court, in its opinion filed. Now exceptions are again filed to the report of the auditor on behalf of the widow's administrator. The act of the counsel filing the exceptions is an effort to have a rehearing of the matter already decided, after having had his day in court. If the testimony was important, why was it not furnished to the auditor and court at the proper time, before argument? There is no allegation that this evidence was not then within the knowledge of the exceptant, and available. If the matter had been overlooked, why was not time asked for, before the argument, for the taking of the testimony? Instead of asking for leave to take testimony or for a reargument the learned counsel attempts, indirectly, by new evidence and exceptions, to attack and have set aside the decree of the court. The exceptant cannot, in this manner, take his chances for a decree in his favor, and when he has failed review the action of the court in the manner he has chosen: Kunkle's Estate, 6 York Leg. Rec. 123; Bradford's Appeal, 29 Pa. 513; Dennison v. Goehring, 6 Pa. 402. The matters excepted to are res adjudicata: Felty v. Calhoon, 147 Pa. 27; Ahl v. Goodhart, 161 Pa. 455; Shea's Appeal, 121 Pa. 302; Straw v. Smith, 179 Pa. 376; Cassiday's Estate, 6 Pa. C. C. 627; Rauwolf v. Glass, 184 Pa. 237.

The introduction of testimony before the auditor was clearly unwarranted, and the testimony cannot be considered. The exceptions are to matters res adjudicata, and must be dismissed. And now, March 26, 1898, the exceptions are dismissed and the report is confirmed.

*Error assigned* was in dismissing exceptions to auditor's report.

*E. W. Spangler*, for appellant.—Notice of the existence of a dower in land need not be given at a judicial sale. It is a debt

of record, which is sufficient notice to all parties concerned: Diefenderfer v. Eshleman, 113 Pa. 105; Hise v. Geiger, 7. W. & S. 273.

*D. K. Trimmer*, for appellee.—An auditor appointed to distribute assets is confined to the decree of the court. He cannot go behind the decree for the purpose of increasing or diminishing the sum there ascertained: Wither's App., 16 Pa. 152.

When an auditor's report is referred back to an auditor for rehearing the whole case is open, but where it is referred back for the purpose of correction either in matter of fact or law, the auditor's whole duty is to follow the order of the court: Donnelly's Est., 3 Phila. 19; Benson's App., 48 Pa. 161; Bradford's App., 29 Pa. 513; Kunkle's Est., 6 York Leg. Rec. 123; Dennison v. Goehring, 6 Pa. 402; Felty v. Calhoon, 147 Pa. 27; Shea's App., 121 Pa. 302; Gilmore v. Water Co., 2 Pa. Superior Ct. 99.

PER CURIAM, May 30, 1898:

The questions involved in this appeal were correctly disposed of by the learned president of the court below, and, on his opinion, the decree is affirmed and appeal dismissed at appellant's costs.