## Opening of Troubat Avenue. Appeal of the City of Philadelphia.

*Road law—Appeals—Exception to report of jury raising questions of fact.*
The appellate court cannot consider exceptions to the report of a road jury which raise only questions of fact.

*Appeals—Theory of trial below followed.*
The appellate court will regard a case as the trial judge was led to view it from the pleadings, the evidence and the contention of counsel.

*Road law—Neglect to reswear jury cannot be raised on appeal.*

It is too late to ask before the appellate court for the reversal of the whole proceedings on an exception, alleging that a jury of view had not been resworn, which could, and if well founded should have been brought to the attention of the jury of view at their first meeting after reappointment and to the court below on the argument of the case.

Argued Dec. 14, 1898.　Appeal, No. 160, Oct. T., 1898, by the city of Philadelphia, from decree of Q. S. Phila. Co., April T., 1897, Court No. 4, dismissing exceptions to the report of viewers.　Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.　Affirmed.　Opinion by ORLADY, J.

Exceptions to report of jury of view.　Before ARNOLD, P. J.

It appears from the record that a petition was filed, In re opening of Troubat avenue, or Ninth street, from Oak Lane to Sixtyninth street.　It was filed April 20, 1897.　On June 6, 1898, there was a reappointment of a jury.　It did not appear in the report of the road jury affirmatively that they had been resworn at the time of their reappointment.　The jury reported in favor of the opening and assessed damages against the city of Philadelphia.　The exceptions of the city of Philadelphia were dismissed in an opinion by ARNOLD, J., as follows:

That the court of quarter sessions by the aid of viewers, has jurisdiction to open streets laid down on the city plan, was decided in In the Matter of Opening Twenty-eighth Street, 102 Pa. 140, and must be considered as well-settled law.　The power is subject to a sound judicial discretion and should not be exercised in such a manner as to impose a heavy burden on the municipality for the benefit of a few persons, nor should the court refuse to open a street in a proper case when the public interest requires it.　The power is legislative rather than judicial, as was said in Clark v. Philadelphia, 171 Pa. 30, and as councils may delay or refuse to authorize the opening of a street even when there is a public necessity for it, the court should in a proper case do an act of justice to the public.

In the present case the viewers reported in favor of the opening and assessed the damages therefor.　Exceptions having been filed the matter was argued at length, and for further information on the subject all the judges of this court (common

pleas, No. 4), visited the place where the street is located and carefully examined the surrounding property as well as the place to which the street leads. The street is proposed to be opened from Oak lane to Sixty-ninth street north, a distance of about 645 feet. Several residences are built upon that part of it which extends about 370 feet from Oak lane. The upper part of the street which leads into Sixty-ninth street a distance of about 275 feet has not been opened, and it is to obtain an outlet into Sixty-ninth street that this proceeding was commenced. Sixty-ninth street has lately been opened and graded. It leads directly to Oak Lane station of the Reading railway, which is about 275 feet from Troubat avenue, and this is the necessity which demands the opening of Troubat avenue. The conclusion we derived from a personal view is irresistible. The new street will furnish a way of driving to the railroad station free from the danger of frightening horses, in addition to the present means of approach by a road running alongside the railroad. This must be regarded as a public necessity. If the damages awarded are considered too high, an appeal should be taken.

Exceptions dismissed and report confirmed. City of Philadelphia appealed.

*Errors assigned* among others were (1) in dismissing the first exception of the city of Philadelphia to the report of viewers, which was, " Because the report was contrary to law." (2) In dismissing the third exception of the city of Philadelphia, which was, " Because public necessity is already amply provided for by two streets running almost parallel with Troubat avenue less than two hundred and fifty feet on each side thereof."

*J. Lee Patton,* assistant city solicitor, with him *Francis L. Wayland,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellant.—They should first of all have been sworn: Act of June 13, 1836, P. L. 551, sec. 53; Bryson's Road, 2 P. & W. 207; Road from Morrison's Lane, 3 S. & R. 210; Opening of Fifty-fifth Street, 7 Dist. Rep. 510.

The report of viewers is not conclusive, even with regard to the necessity or expediency of opening a street. It is advisory to the court. The court will not confirm it unless it approves it: In re Girard Avenue, 11 Phila. 449.

*J. Washington Logue*, with him *H. Gilbert Cassidy*, for appellee.—There is no attempt on the part of the city of Philadelphia to assert that there is anything irregular or contrary to law in the report of the jury as filed February 16, 1898, by virtue of its reappointment January 6, 1898, other than the fact that the report fails to show that after January 6, 1898, the jury was resworn.

It is not unreasonable to assume, as the report shows in the first instance that the jury were regularly sworn, examined and viewed the premises, that after their reappointment they did the same thing, and the statement that they were not sworn after January 6, 1898, is pure assumption, if not based solely upon the fact that such is the case because the report does not affirmatively state that they were sworn.

OPINION BY ORLADY, J., March 23, 1899:

The principal objection urged on this appeal to prevent the confirmation of the report of viewers was not suggested in the court below, where the fact as to whether the jury of view had or had not been resworn, after their reappointment, could have been legally ascertained, and if the jurors had not been resworn according to law, the case could have been recommitted to the jury so as to have been regularly conducted, and a great delay in the proceeding would have been thus avoided; or, if the jury had been in fact resworn, the omission to so state in their report was a clerical oversight of the draughtsman, and a supplemental report in which that fact would clearly appear could have been filed. The docket entries show that the jurors were, for good reasons, reappointed on January 6, 1889, and their report shows that, after that date, the counsel for the city and the property owners were regularly before them at nine meetings for the purpose of pressing their respective contentions. The case was conducted under the eye of zealous counsel, and the conclusions of the jury were well known to all the parties in interest. If the jurors were not resworn after being reappointed, the proceeding should have been then halted until that requisite had been performed, or, if then overlooked, the attention of the court below should have been directed to that fact by a more specific exception than "Because the report was contrary to law." During the eight months the case was

pending, twenty-six meetings of the jury were held and damages aggregating over $4,000 were awarded to six property owners, who were obliged to employ counsel, submit to delay in having the case heard, and incur necessary expenses incident to protracted litigation, which burdens were increased by not plainly and promptly raising the only question of merit in the case. Before they confirmed the report of the viewers, the three judges of the court below made a personal examination of the proposed highway, and of the properties which were alleged to have been damaged, and in not taking an appeal from the award of the viewers the city assented to the fairness of the assessment. In trials in the civil courts where exceptions are presented under similar circumstances they are not looked upon with favor, and the same rule applies in the quarter sessions. No question of jurisdiction arises, and we must treat the case here as it was treated on the trial below. We must regard it as the trial judge was led to view it from the pleadings, the evidence, and the contentions of counsel: Hartley v. Decker, 89 Pa. 470; Walls v. Campbell, 125 Pa. 346; Knapp v. Griffin, 140 Pa. 604; Krepps v. Carlisle, 157 Pa. 358; Taylor v. Sattler, 6 Pa. Superior Ct. 229; Taylor v. Burrell, 7 Pa. Superior Ct. 461. Under these facts it is too late to ask for the reversal of the whole proceedings on an exception which could, and, if well founded, should have been brought to the notice of the jury on January 6, 1898, and to the court below on the argument of the case. For these reasons the first assignment of error is not considered.

The remaining assignments relate to matters which are not reviewable on this appeal. We cannot consider exceptions which raise questions of fact only: Montgomery County's Appeal, 148 Pa. 640; Keller's Private Road, 154 Pa. 547.

That the court had jurisdiction, and properly exercised it, is well settled by Twenty-eight Street, 102 Pa. 140, and Clark v. Philadelphia, 171 Pa. 30.

The order and decree of the court of quarter sessions is affirmed.