## Commonwealth v. Price.

*Feigned issue—Inquiry as to collusive judgment—Practice, C. P.—Day in court—Abandonment of proceedings—After-discovered evidence—Second impeachment of judgment.*

An inquiry as to whether a confessed judgment was collusive as to other creditors can be made in a feigned issue awarded by the court ; but when proceedings begun in a proper way to test the integrity of a judgment by securing a rule on the plaintiff and the sheriff to show cause why the money produced by the sheriff's sale on the prior execution should not be paid into court, are abandoned, the judgment becomes adjudicated and is unassailable to a second attack. Alleged ignorance of facts which were within reach when the first opportunity for trial was presented cannot be set up in an attempt to make a second attack on the judgment in a suit on the surety bond.

*Appeal—Theory of trial below—Question new to the record.*

A case having been tried on the pleadings and contentions of counsel, counsel may not raise on appeal a question new to the record.

Argued Oct. 5, 1900.　Appeal, No. 40, Oct. T., 1900, by

defendants, in suit of Commonwealth of Pennsylvania to use of Daniel Meyers against Edward A. Price and Petera B. Worrall, trading as Fred Butterfield & Company and City Trust, Safe Deposit and Surety Company, from judgment of C. P. No. 2, Sept. T., 1897, No. 802, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

It appears from the record that this cause arises out of a suit upon a bond given by Fred Butterfield & Company, claimants and appellants, to Daniel Meyers, appellee, the execution creditor below, conditioned to return the goods claimed, and was for $1,100.

ESSENTIAL FACTS STATED BY THE SUPERIOR COURT.

On October 29, 1897, a judgment was entered in the court of common pleas in favor of Isaac Lawler against Daniel Meyers, trading as D. Meyers & Company, and an execution was issued thereon, under which the sheriff levied upon certain merchandise which was claimed by Fred Butterfield & Company, as their property. This claim was resisted by the execution creditor of Meyers and, under the Act of May 26, 1897, P. L. 95, a sheriff's interpleader issue was framed. A bond of the claimants was filed on January 7, 1898, with the City Trust Safe Deposit & Surety Company as surety. On the trial of the interpleader issue (February 3, 1899), a judgment of nonsuit was entered against Fred Butterfield & Company. On November 15, 1897, a rule was entered, upon the petition of Fred Butterfield & Company, to show cause why the proceeds of the sheriff's sale of the property of D. Meyers should not be paid into court; and feigned issues awarded to test the validity of the judgments on which the executions were issued and under which the property had been sold. This petition recited, inter alia, " that the said judgments were confessed for the purpose of hindering, delaying and defrauding the creditors of D. Meyers & Company, and particularly your petitioners," and was subsequently withdrawn by the petitioners by leave of court. This present action was brought against Fred Butterfield & Company, and the surety to recover on the bond for use of David Meyers

344    COMMONWEALTH v. PRICE.

Statement of Facts—Opinion of the Court. [15 Pa. Superior Ct.

(not the defendant) an execution creditor. For want of a sufficient affidavit of defense, which was filed by each of the defendants, a rule for judgment was made absolute by the court, from which action this appeal was taken.

Judgment for plaintiff for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*William S. Divine*, with him *Samuel B. Huey*, for appellants. —It is urged that it is too late for the appellants to attack the judgment, and that the nonsuit in the interpleader proceedings renders the subject-matter res adjudicata, notwithstanding the fraudulent and void character of the judgment, which was the basis of the levy and execution, under which appellees claimed, was not discovered until after the nonsuit was entered.

But even were the matter so considered a fraudulent judgment would not be a bar: Biddle v. Tomlinson, 115 Pa. 299.

That such a judgment may be attacked collaterally is beyond question: Bunn, Raiguel & Co. v. Ahl, 29 Pa. 391.

The averment of the affidavit of defense as to the mental condition of Daniel Meyers at the time of the execution of the note is sufficient, the nature of the case being such that the defendants could have no actual personal knowledge, but on the averment upon information and belief coupled with an averment of expectation of ability to prove has always been held to be sufficient: Reznor v. Supplee, 81 Pa. 180; Moeck v. Littell, 82 Pa. 354.

The judgment entered in this cause should be reversed, because the bond was not signed by the firm of Fred Butterfield & Company, or by a member of the firm, nor by any one duly authorized by letter of attorney to sign for the firm, and this defense was good both as to Fred Butterfield & Company, and their sureties, since the bond was never properly executed.

*Joseph L. Greenwald*, with him *Clinton O. Mayer*, for appellee.

OPINION BY ORLADY, J., November 19, 1900 (after stating the facts as set out in the statement of facts) :

The defense urged by the defendants is first, that the judgment under which the use plaintiff claims title " is fraudulent and void, and if there was or is any consideration therefor it was not used for the collection of a debt, but was used for the purpose of hindering, delaying and defrauding creditors, including deponent's firm." Second, that Daniel Meyers, the defendant in the judgment and execution, was not and could not have been mentally competent to sign the judgment note of the plaintiff, by reason of his having some acute mental disease, paresis or suffering from a clot on the brain, which rendered him incapable of comprehending or attending to business, . . . . none of which facts came to the deponent's knowledge until after the nonsuit of the defendants' claim for their goods."

These defendants had their day in court; vigilant inquiry into facts and conditions, which were easily accessible under legal process, would have established at a proper time, all that is now alleged to have been discovered after they had voluntarily abandoned their attack on the judgment of the execution plaintiff.

When a collusive judgment comes into collision with the interests of creditors, they may avoid the effect of it by showing it to be a nullity as to themselves, and an auditor is justified, therefore, at the instance of creditors, in entering into an investigation of the bona fides of the judgment to determine whether or not it was collusive and given to cheat, defraud, hinder or delay creditors : Meckley's Appeal, 102 Pa. 536. The same inquiry can be made in a feigned issue awarded by the court. The defendants began in the proper way to test the integrity of this judgment by securing a rule on the plaintiff and the sheriff to show cause why the money produced by the sheriff's sale on the prior execution, should not be paid into court : Moore v. Dunn and Fell, 147 Pa. 359 ; but for some unexplained reason they withdrew from that attack. Therefore, as far as these defendants are concerned, that judgment was adjudicated and stands unassailable to a second attack. It is not intimated that they were induced or prevented by any act of the use plaintiff herein, from continuing the attack on the judgment along the lines originally adopted by them. Their

ignorance of the facts, which they now allege to be vital, is no excuse. They were within reach when they had an opportunity for a trial, but they omitted to resort to proper means to make them available: Frauenthal's Appeal, 100 Pa. 290; Wilson v. Buchanan, 170 Pa. 14; Straw v. Smith, 179 Pa. 376; Emig's Estate, 186 Pa. 409; Insurance Co. v. Erb, 1 Cent. Repr. 644.

The second reason urged, to wit: " that the bond was not signed by Fred Butterfield and Company or by a member of the firm, nor by any one duly authorized," is new to the record. It was not suggested in the affidavit of defense, and we must regard the case as the trial judge was led to view it, from the pleadings and contentions of counsel (Gowen v. Glaser, 3 Cent. Repr. 109; Troubat Avenue, 10 Pa. Superior Ct. 27; Bank v. Schuylkill Co., 190 Pa. 191), and for this reason it is not considered.

The judgment is affirmed.