## Maus *against* Maus.

If a plaintiff do not avail himself of a legal position, but joins issues and puts his cause to a jury upon matters of fact, he cannot reverse a judgment upon the finding of the jury, because that legal position might have been made available in his favour.

ERROR to the common pleas of *Columbia* county.

Lewis Maus against William Montgomery, administrator of Philip Maus, with notice to Elizabeth Maus. This was a *scire fucias* to revive a judgment with notice to the terre-tenant for the purpose of charging her land.

*Hepburn* and *Merrill*, for plaintiff in error.
*Frick* and *Bellas*, for defendant in error.

The facts of the case are sufficiently stated in the opinion of the Court which was delivered by

HUSTON, J.—About 1806, Philip Maus, deceased, executed a single bill to Lewis Maus. About March 1810, Philip made his will, devising his lands in specified portions to his daughter Susanna, (intermarried with Strawbridge,) and his sons Lewis, Joseph, and George; and charging George's share with above 600 dollars and other things. In June 1810, he made deeds to each of those children for the same lands, and it would seem to George, subject to the same charges. To three of the children those deeds were delivered, and also possession; or they were in possession before. The plaintiff alleged that George refused to accept his deed; he lived with his father. The defendant, who is the sister of the plaintiff, and devisee of George, called witnesses to prove, that George always, from its date, had the deed, but complained of the incumbrance on the land or the lines of it. To August term 1811, a suit was brought in the name of Lewis Maus, for Jacob Bachman against Philip Maus, debt on single bill not exceeding 200 dollars; returned served on the 27th of August 1812; on motion, judgment.

It was proved that Philip Maus, soon after 1810, was weak in body and imbecile in mind, and did no business of any kind.

No. 44, of November 1813, *scire fucias* on the above judgment, returned *scire feci*. On the 27th of January 1814, defendant's death suggested, and William Montgomery, his administrator, substituted. The paper book shows nothing more done on this. No. 33, of April 1819, *scire fucias* against William Montgomery, administrator of Philip Maus; on the 20th of April 1819, on mo-

tion, judgment. No. 12, to August 1819, *fieri facias;* at Novem-
ber 1819, an affidavit and exceptions filed, judgment opened, and
levy and sale stayed, and this continued on the argument list until
April 1821. Though on the execution docket of November 1819,
there is an entry of. rule dismissed by consent. There was a *ven-
ditioni exponas,* but no notice was taken of this in the argument;
probably the levy was of some trifling personal property. George
Maus died before 1829, having devised his land to the defendant.
There was no question, but that he lived on the tract as sole owner
from the death of his father in 1813.

No. 101, of April term 1829, *scire facias* against Montgomery,
administrator, &c., and on motion, judgment. And also to April
1829, *fieri facias,* levied on Joseph and Elizabeth's land, judg-
ment, and not condemned. No. 16, of January 1833, *scire facias*
to continue the lien, with notice to Lewis Maus, Joseph Maus,
Elizabeth Maus, and Philip Strawbridge.

Lewis Maus, who was plaintiff, and also one of the defendants
put in no plea. The other three defendants pleaded several pleas.
See this case, 5 *Watts* 315.

On the trial before the court and jury, issue was joined, and
evidence given on the following disputed points. 1. Whether
Lewis Maus did not obtain the original note from his father for a
special purpose, and afterwards assign it to his father-in-law, Jacob
Bachman; whether Bachman and Lewis did not promise to the
old man to return the bond, and it was clearly proved, that Bach-
man's executors did not claim it, but reassigned it to Lewis in
1817. It was also contended, that the will and deeds of old
Philip, were intended to close and satisfy all claims by his children
against him; and that Lewis so understood it, and accepted the
property given to him. Other matters were suggested as estoppels,
viz: the judgment against old Philip, but instead of relying on
that, the plaintiff joined issue on the truth of the pleas. The state
of the old man's mind, and the service on a man, who, perhaps,
did not understand it; and the judgment without appearance or
plea, or rule to plead, the strange mode of disposing of the motion
to open the judgment, on the *scire facias,* were matters which
might induce a court to leave the cause on the facts on which par-
ties had joined issue; and not to strain the law to give the party
the benefit of points which he had waived by his replications to
the pleas.

The facts were for the consideration of the jury. On a writ of
error we have nothing to do with the verdict; we cannot grant
a new trial, though we should think the verdict against the weight
of evidence.

The court below gave a passing notice to another matter, not
relied on, but which, if the cause went back, must, perhaps, be
conclusive against the plaintiff. If the docket entries are correct,

[*Maus v. Maus.*]

the first levy was ended in 1819; and no proceeding until 1829, when a *scire facias* was served on the administrators of Philip; now, as I understand all the testimony, George, from the death of his father, before January term 1814, claimed as purchaser, and held as a purchaser, and neither the *scire facias* of 1819 or 1829, was served on him or his devisee. And as I understand the law and the decisions on it, a *scire facias* to continue the lien has no effect on a purchaser in fee, on whom it is not served. Perhaps, this point not having been made below, the paper book may not have been correct and misled me.

The points submitted, however, whether Lewis has always been the owner of the single bill, or is now the holder; whether it ever was a debt, or if it was, whether it has long since ceased to be one: and whether, even if the deed to George was in part voluntary, yet accepted, was good against a voluntary bond, must have, on the pleadings, been submitted to the jury; and we see no error against the plaintiff in the remarks of the court to the jury.

Judgment affirmed.