# Shipley v. Pittsburg, Carnegie & Western Railroad Company, Appellant.

*Railroads—Eminent domain—Leasehold estate—Extension of lease— Damages—Measure of damages—Evidence—Notice to quit.*

In an action by a tenant against a railroad company to recover damages for the loss of a leasehold, it is error to submit to the jury the depreciation in value of fixtures in place, and the reasonable cost of removal, as separate and independent items for which a recovery may be had; but if it appears that no objection to such submission was made and that no specific instructions on the subject were asked for at the trial, the judgment will not be reversed.

A railroad company which condemns a building in the possession of a tenant under a lease, and at the same time the leasehold interest, cannot exercise the right reserved by the landlord in the lease to require the tenant to vacate the building on ten days' notice. If such a notice was served before the bond to secure the owner was filed and approved, it was given at a time when the company had no right in the property; if given after the bond to secure the tenant was filed, the status of the parties had become fixed, and the defendant could not, in relief of its obligation, destroy the value of the thing taken.

Argued Oct 25, 1906. Appeal, No. 106, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1902, No. 599, on verdict for plaintiff in case of Ewing

H. Shipley and Sherman Massingham, trading as Shipley-Massingham Company, v. The Pittsburg, Carnegie & Western Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Appeal from report of jury of view. Before BROWN, J.

Defendant presented, inter alia, the following points:

1. It appearing from the evidence that the lease for the appropriation of which the plaintiffs seek to recover in this case contained a clause authorizing the landlord at his option to terminate the term of said lease on ten days' notice, and that the plaintiffs had more than ten days' notice before the railroad company entered upon the premises of its intention to so enter, the term of the lease was then and there terminated and the plaintiffs are entitled to no damages on account of any claim founded upon said lease or the unexpired term thereof. *Answer:* As a whole (under the evidence) this point is refused. [16]

2. The evidence showing certain amounts expended partly for services in connection with the business of the plaintiffs and partly in connection with the moving of the plaintiffs from the premises, there being no distribution or separation of the said items so as to indicate substantially what was expended by the plaintiffs in moving from their location at No. 418 Liberty street to the new location at Seventh street and Liberty avenue, the jury cannot find for any sum on account of the plaintiffs on account of expense of moving. *Answer:* This point as a whole is refused, because there is some evidence (if believed by the jury) that of the wages earned and charged (during the removal period of three weeks) at least ninety per cent thereof represented the actual necessary time and wages employed and earned in such removal of plaintiffs' stock from the old location to the new. [17]

3. The term of the plaintiffs under the lease having expired by notice from the railroad company at least ten days before they entered upon the premises, the plaintiffs are not entitled to recover the expenses of moving. *Answer:* Refused. [18]

5. It appearing from the testimony that the fixtures at No. 418 Liberty avenue were not removed from those premises and set up in the same way at the new premises, there is no

evidence upon which to found a verdict for the plaintiffs on account of depreciation of fixtures. *Answer :* Refused. [19]

Verdict and judgment for plaintiff for $2,942.58. Defendant appealed.

*Errors assigned* among others were (16–19) above instructions, quoting them.

*Willis F. McCook,* for appellant.— Clearly when defendant appropriated Laird's reversion and gave approved security for the damages, the title to the reversion fully vested in defendant. It then possessed all of Laird's rights under the lease, including the right to terminate the lease and have the reversion on ten days' notice: Dyer v. Wightman, 66 Pa. 425 ; Lyons v. Ry. Co., 209 Pa. 550 ; Emery v. Boston Terminal Co., 178 Mass. 172 (59 N. E. Repr. 763) ; Corrigan v. City of Chicago 144 Ill. 537 (33 N. E. Repr. 746) ; Chicago, etc., R. R. Co. v. Catholic Bishop of Chicago, 119 Ill. 525 (10 N. E. Repr. 372).

*J. P. Patterson,* with him *Boyd Crumrine,* for appellees.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

The plaintiffs were engaged in the wholesale drug business and were the lessees of a building which was taken by the defendant in the construction of its road. The lease was for one year from April 1, 1901, with the right in the lessees to extend it for two years from April 1, 1902. They had exercised this right by giving the notice provided for by the lease, and sixteen months of their term was unexpired at the date of the approval of the bonds given to secure them and the owner. The questions raised as to the measure of damages are practically the same as those considered in the preceding case : The James McMillen Printing Company v. The Pittsburg, Carnegie & Western Railroad Company, ante, p. 504. The testimony as to the expense of taking down and replacing of fixtures in the new location, to which some of the assignments of error relate, was eliminated by the charge, and the elements of damage submitted to the jury were the value of the unexpired term, the depreciation in value of the fixtures in place, and the reasonable cost of removal. The last two should not have been submitted as separate items, for which a recovery could

be had, but as evidence of the value of the right of undisturbed possession to the end of the term which had been taken from the plaintiffs. No objection, however, was made on this ground and no specific instructions on the subject were asked for at the trial.

The main question in the case was whether the appellant could exercise the right reserved by the landlord to require the tenant to vacate the building on ten days' notice. The lease contained the following clause : " And the said parties of the second part covenant and agree that they will remove from and give peaceable possession of the premises hereby leased within ten days after he shall have received from the lessor notice to vacate the premises." Under the facts of this case, the defendant acquired no right under this clause. The bond to secure the owner and the bond to secure the tenants were approved the same day. The only notice proved was a written notice of the time when a bond to secure the tenants would be presented to the court for approval, and an oral statement made by the agent who served it that the plaintiffs would have to look out for a new place. There was an attempt to give to this notice the effect of a notice given under the lease, but there was neither proof nor offer of proof of a notice given under the lease. If such a notice had been given, it would not have reduced the term from sixteen months to ten days. If given before the approval of the owner's bond, it was given at a time when the defendant had no right in the property ; if given after the owner had been secured, since both bonds were approved at the same time, it was given after the appropriation of the tenant's interest had been completed and the status of the parties fixed. The tenant's term of sixteen months had been taken, and the obligation to pay for it had been incurred. In relief of its obligation the defendant could not destroy the value of the thing taken.

The judgment is affirmed.