# Morrett *v.* Fire Association of Philadelphia, Appellant.

*Appeal—Practice, Supreme Court—Questions not raised below—New theories.*

1. The Supreme Court will not consider on appeal any new theory or attitude toward the trial of the case which was not properly before the court under the theory on which the case was tried.

2. If a party does not avail himself of a legal position that was fairly before him had he desired to use it, he cannot on appeal raise it to the prejudice of the opposing party who thus might be deprived of bringing forth evidence that would be necessary to meet the legal position assumed.

*Estoppel—Disclaimer of title in ejectment—Action upon fire insurance policy conditioned upon sole ownership.*

3. The mere fact that the insured filed a disclaimer of all title to the premises in an action of ejectment brought against him after taking out a policy of fire insurance which provided that it was unenforceable if the insured was not, at the time of the fire, the unconditional and sole owner of the property destroyed, does not estop him from subsequently maintaining an action upon the policy to recover for loss of a building on the premises destroyed by fire; and especially is this the case where the plaintiff in the suit on the policy could not read or write the English language, and the disclaimer was filed by his attorney in the ejectment, who was a plaintiff in that suit.

*Evidence—Disclaimer of title in ejectment—Admission—Admissibility in action of assumpsit—Parties—Strangers—Conclusiveness.*

4. A disclaimer of title made in an action of ejectment is competent evidence as an admission against the party making it, in a subsequent action of assumpsit brought by him against a stranger to the ejectment proceedings, but as such, it is subject to an attack to show mistake, misunderstanding, retraction, inadvertence, lack of knowledge or the like.

Argued April 15, 1919. Appeal, No. 325, Jan. T., 1919, by defendant, from order of C. P. Luzerne Co., Oct. T., 1916, No. 336, entering judgment for plaintiff in case of John Morrett v. Fire Association of Philadelphia. Before

Statement of Facts—Opinion of the Court.    [265 Pa.

BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEP-
HART, JJ.  Affirmed.

Action in assumpsit on a policy of fire insurance.

By agreement of the parties the case was tried before
the court without a jury.  Before STRAUSS, J.

Judgment was entered in favor of the plaintiff for $1,-
770.

Defendant appealed.

*Errors assigned* were the findings of fact and conclu-
sions of law and the order of the court.

*Harris B. Hamlin* and *Albert L. Moise,* for appellant.
—The appellee cannot attack the judgment rendered in
the ejectment suit in a collateral proceeding: Bank v.
Poore, 231 Pa. 362; Ogle v. Baker, 137 Pa. 378; Seltzer
v. Robbins, 181 Pa. 451.

*John T. Lenahan,* for appellee.—While the disclaimer
was conclusive in the case in which it was filed, in the
case at bar it arose no higher than a declaration against
interest, which could be disproved by other evidence:
Heane v. Rogers, 9 Barn. & Cress. 577; Floyd v. Kulp
Lumber Co., 222 Pa. 257.

In order that a judgment may be available to estop a
party, it is essential that the parties be the same: Walker
v. Phila., 195 Pa. 168; Fearn v. West Jersey Ferry Co.,
143 Pa. 122; Hatch v. Bartle, 45 Pa. 166; Chandler's
App., 100 Pa. 262.

OPINION BY MR. JUSTICE KEPHART, May 5, 1919:

This is an action of assumpsit on a policy of insurance
to recover damages for the loss of a building destroyed by
fire.  By agreement of the parties, the case was tried by
the court below without a jury, under the Act of April
22, 1874, P. L. 109, and the point in the case arises from
a clause in the policy which reads as follows: "If the
interest of the insured be other than unconditional and

sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, the policy is not enforceable."

The appellee acquired title from James C. Murray and Catherine Mulvey by article of agreement. This was known to appellant when the policy was issued. An action of ejectment was instituted by Murray and Mulvey against the appellant and A. Blanche Randall, after the date of the agreement, and after the policy was issued. In the ejectment, the appellee disclaimed "all title or claim of title or possession to the premises described in the above case and every part thereof." The disclaimer was acknowledged but not sworn to. To show lack of title in the appellee in the present action, the insurance company offered in evidence the disclaimer filed in the ejectment. The company contended, when the case was heard and the evidence was submitted in the court below, that the disclaimer of title estopped the plaintiff from recovering in this case, for under the terms and conditions of the policy the plaintiff was not, at the time of the fire, the unconditional and sole owner of the property destroyed. Its attitude on the effect of the disclaimer is apparent from the offer of the record in the ejectment and the development of the trial. Appellant's requests for findings of fact and law related solely to the legal effect of the disclaimer and the insufficiency of the evidence produced in the trial to overcome its apparent effect; it was there stated that the disclaimer raised a presumption of lack of title in the plaintiff which had not been overcome by any competent evidence and prayed for judgment on the record as it then stood. Our consideration will be limited to the evidence presented as reflected in the purpose for which it was offered. We shall not discuss any new theory or attitude toward the trial of the case, which was not properly before the court, under the theory on which it was tried, as evidenced by the requests for findings. Especially must this be so where such new theory, if followed, would result in depriving the plaintiff

of the right to place upon the record facts that would
have been a complete answer to it, had such position been
assumed during the trial of the case. If the defendant
did not avail himself of a legal position that was fairly
before him and he desired to use it, he cannot now raise
it to the prejudice of the opposing party who thus might
be deprived of bringing forth evidence that would be
necessary to meet the legal position assumed: Maus v.
Maus, 6 Watts 275, 276; McMillin Printing Co. v. Pgh.,
Carnegie & Western R. R. Co., 216 Pa. 504, 510; Shipley
v. Pgh., Carnegie & Western R. R. Co., 216 Pa. 512; Tay-
lor v. Sattler, 6 Pa. Superior Ct. 229, 237. What then
was the effect of the disclaimer in the present case? A
disclaimer in ejectment has a distinct place and in the
absence of mistake, misunderstanding, or other good
cause, it settles and determines the groundwork upon
which the rights of the parties will there be determined.
As between the parties in the ejectment, it was presump-
tively binding, but it has no procedural value in any
subsequent case. It did not lose in probative force, if it
had any, when used in another proceeding, but, like any
other piece of evidence, it was subject to contradiction
and its credibility could be attacked. Indeed, as a part
of the procedure in the ejectment, it could be withdrawn,
retracted, explained through inadvertence, lack of knowl-
edge, or other good cause, and when it was taken into
the trial of another case wherein one of the parties was
either plaintiff or defendant, it acquired no higher value.
It was not secure from attack because it had, unmolested,
performed an office in the case from which it was taken:
2 Chamberlayne on Evidence, Vol. 21 (1911 Ed.), sec-
tions 1248 and 1249. The reason is obvious. A party
may make an admission in one suit, or a plea which he
would be very unwilling to follow in another. The cir-
cumstances in the first case may have been such, and the
reasons wholly sufficient to justify the pleader placing
himself and his case in an attitude contrary to what may
be the true state of affairs; while the facts there admitted,

either directly or impliedly, will be deemed true for the purposes of that issue, and for any judgment based thereon, binding parties and privies when relevant and material to a subsequent issue wherein the same parties are involved, or those claiming under them and the transaction in question, yet it may still be that the facts do not exist and were only conceded in the particular case because the parties did not deem it wise to put them in issue: Starkweather & Converse v. Kittle, 17 Wend. 20, 23 (2 Chamberlayne on Evidence, p. 1584). As to strangers, when the admission is used in a subsequent case, the reason for the action taken in the first case, that the facts as there stated were not correct, with a truthful account thereof, may be given in evidence in the subsequent case. The disclaimer was competent as an extrajudicial admission in this action of assumpsit, and as such, it was subject to an attack to show mistake, misunderstanding, retraction, inadvertence, lack of knowledge, or the like.

The appellee could not read or write the English language. The disclaimer in the ejectment was procured by his attorney, who was also one of the plaintiffs in that case; he owed to the defendant fidelity of the highest degree. The appellee had paid for the property, procured a deed for it and, in the face of these facts, he filed a disclaimer. Little wonder then that the counsel maintain with much force that he did not know what sort of paper he was signing. Where an effort to use a case stated as an estoppel as to the facts therein recited, which case stated was afterwards abandoned and suit instituted between the parties, the court says: "A case stated is a substitute for a verdict......the supposed admissions of the case being actually in evidence, the testimony of the counsel who signed it became unquestionable competent to show, not only that his signature was gained by artifice, but that the actual assent of his client was not had": McLughan v. Bovard, 4 Watts 308, 312, 313; and on the general subject, see Floyd v. Kulp Lumber

Co., 222 Pa. 257, 270. In the trial of an action of assumpsit the pleadings in a prior equity suit between the same parties are admissible as admissions to contradict their evidence in the case on trial, or to affect their credibility; but they are not to be taken as estopping the parties against whom they are offered, from taking a different position in the case on the law side of the court: Lindsay v. Dutton, 227 Pa. 208, 212. There is no doubt but that the express admissions of a party to the suit, or admissions implied from his conduct, are evidence, and strong evidence, against him, but he is at liberty to prove that such admissions were mistaken or were untrue, and he is not estopped or concluded by them, unless another person has been induced by them to alter his condition; in such a case the party is estopped from disputing their truth with respect to that person, and those claiming under him, and that transaction; but as to third persons, he is not bound. It is a well established rule of law, that estoppels bind parties and privies, but not strangers: see Heane v. Rogers and Lloyd, 9 Barn. & Cress. 577, 586.

The judgment of the court below is affirmed.