## Diehl v. Reiss, Appellant.

*Appeal—Practice, Superior Court—Question not raised below—New theory.*

If a party does not avail himself of a legal position that was fairly before him, had he decided to use it in the court below, he cannot, on appeal, raise it to the prejudice of the opposing party. Having admitted a fact at the trial, defendant cannot on appeal have the testimony on that point excluded, because the plaintiff had a right to rely upon the admission, and might well have established the fact by other evidence had there been a dispute.

*Automobiles—Negligent driving—Former accidents—Evidence.*

In an action arising out of the death of one who was killed by an automobile, where the negligence alleged was careless driving and

the defendant testified that his driver was a "good and safe driver" it was competent, and a fair test, to ask the defendant whether or not the driver had "run into anybody before" and whether he had killed him.

Argued December 7, 1920. Appeal, No. 286, Oct. T., 1920, by defendant, from judgment of C. P. Northampton County, June T., 1917, No. 14, on verdict for plaintiff in the case of Eliza A. Diehl v. Titus M. Reiss. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $1,200 and judgment thereon. Defendant appealed.

*Error assigned* was ruling of the court permitting questions as to other accidents.

*H. F. Laub,* of *Smith, Paff & Laub,* and with him *R. C. Mauch,* for appellant, cited: Kane v. Phila. Rapid Transit Co., 248 Pa. 160; Baker v. Irish, 172 Pa. 528; McCoy v. Klein, 70 Pa. Superior Ct. 269; Bank of Commerce v. Fisher, 65 Pa. Superior Ct. 369.

*James T. Woodring,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The plaintiff's husband, a man aged 79 years at the time of his death, November 22, 1916, was run down by an automobile driven by the defendant's son, while the decedent was standing on a public highway, at a regular stopping place of street cars, intending to take passage thereon. It was a dark night, and the driver was going about 15 miles an hour, and admittedly on the wrong side of the road, under the rules of travel. The trolley

car on which the decedent intended to take passage arrived soon after the old man was struck.

The statement of claim alleged that the son, who "was the agent of the defendant, knew that the point where the decedent was standing was a regular stopping place for the purpose of discharging and taking on of passengers, yet, notwithstanding such knowledge and the further fact that he saw the decedent standing at this point, near the tracks, unlawfully, recklessly, carelessly, and negligently turned the automobile from the right side of the road toward the tracks of the street railway company, and toward the point where the decedent was standing," inflicting the injuries upon him from which he died.

The trial was conducted with such fairness that no exception was taken to the charge of the court, though counsel was asked if there was anything further they desired to have the jury instructed about. If a party does not avail himself of a legal position that was fairly before him had he desired to use it, he cannot on appeal raise it to the prejudice of the opposing party, who might thus be deprived of bringing forth evidence that would be necessary to meet the legal position assumed: Morrett v. Fire Association of Phila., 265 Pa. 9.

The only assignment of error relates to the examination of the defendant, who was the father of the driver and the owner of the car. He was called for cross-examination by the plaintiff without any objection, as shown by the record, and the following occurred: Q. How old was your son? A. Twenty years. Q. He was working for you? A. Yes, sir. Q. How long had he been driving an automobile for you? A. Two years already. Q. Was he a good driver? A. Yes, sir. Q. A safe driver? A. Yes, sir. Q. Did he ever have any similar accidents to this before? (by Mr. Mauch): That is objected to. (By the Court): The objection is overruled. The witness said he was a safe driver. Exception for the defendant. Bill sealed. Q. Did he ever run into anybody before? A. Yes, sir. Q. How many peo-

ple did he run into?. A. Only one before. Q. Who was that. A. I don't know the name any more. Q. Up in Allentown was it? A. Yes, sir. Q. What happened to that person, did he kill him? A. Yes, sir. Q. Did he run into anybody else? A. Not that I know of.

The defendant, to relieve himself of liability, testified that his son then acted as his agent in his business, was a good and safe driver, and it was but fair that his contention as to the efficiency and safety of the driver, to whom he committed the care of his car, should be tested.

In view of the preceding questions, which were answered without objection, the one to which exception is taken was properly propounded, as the defendant should not have the benefit of the questions and answers favorable to his side, and then ask the court to exclude that which might tend to destroy their value before a jury. He had a further opportunity to ask the court to specifically charge the jury in regard to it.

The fact that there had been a former collision, as testified to by the defendant, only became important in testing his judgment as to what constituted a good and safe driver, and that fact, with others of a similar nature suggested, might readily have been proven by other witnesses, had the defendant answered differently, but having admitted the fact, the plaintiff may have been misled, and did not deem it necessary to further establish a fact admitted by the defendant, so as to fix the recklessness of his agent in travelling 15 miles an hour, with dim lights on a dark night, on a public highway, at a streetcar stopping point.

The assignment of error is overruled, and the judgment is affirmed.