## Cherry et al. v. Mitosky, Admr., et al.

*Samuel S. Herman,* for garnishee.

SLOANE, J., February 14, 1945.—In this case we gave judgment for the garnishee notwithstanding the jury's verdict.

We lay aside what we consider the incidental problems and give attention to the point-problem: whether plaintiff's whole case depended on inadmissible evidence, and whether, assuming admissibility of such evidence, there was enough to pass the trial judge and go to the jury.

The boy-plaintiff was hit by an automobile driven by Joseph Jones, and he and his parent sued the owner of the car, who was also the employer of the driver. In that suit the owner and employer, Liberty Laundry Company, filed an affidavit of defense denying liability because the driver at the time was not on its business. This is what was said in the affidavit of defense:

"It is denied that the automobile of the defendant was being operated at the time of the accident by any servant, agent, workman or employee of said defendant; and all allegations of negligence in this paragraph, with reference to the said defendant, are therefore denied. On the contrary it is averred that said car was loaned to Joseph Jones, and that said Joseph Jones was using said automobile exclusively at that time on his own business or for his own pleasure, and not upon any business of the defendant."

Plaintiffs went no further against the laundry company. Instead, they started suit against the employe's estate, the employe having died in the meantime, and got a verdict and judgment against the employe's estate. This was done without contest on the merits, but for want of an appearance, under section 33 of the Act of June 13, 1836, P. L. 568, 12 PS §732. We do not pause over that, though the garnishee has raised a question over the right to get a judgment that way against an estate.

Plaintiffs then brought in the garnishee, the Pennsylvania Threshermen and Farmers' Mutual Casualty

Insurance Company, an insurer, through a writ and interrogatories, and the garnishee made response. The pertinent response is that the garnishee insured the laundry company as to the automobile involved, and the policy of insurance had this omnibus or extended · coverage clause:

"4. EXTENDED COVERAGE. The insurance as provided by this policy, is hereby made available in the same manner and under the same conditions as it is available to the named insured, to any other person, firm or corporation using any of the automobiles described in the statements or legally responsible for the operation thereof, provided the actual use is with the permission of the named insured."

It is the trial between plaintiffs and garnishee which is our case here. Plaintiffs wanted to show that the policy issued by garnishee covered the driver of the car because of the clause just quoted. Their burden was to show that the driver (though admittedly not then on the business of the laundry company) was at the time and place of the accident using the automobile within the permission given him by the laundry company for its use: Freshkorn v. Marietta et al., 345 Pa. 416 (1942); Laroche v. Farm Bureau Mutual Auto. Ins. Co., 335 Pa. 478 (1939). There is no doubt in view of these decisions that plaintiffs had the burden of showing that the driver's actual use of the car was with the laundry company's permission. And this was a burden that did not shift but remained with plaintiffs: Henes v. McGovern, Admr., 317 Pa. 302, 310 (1935). Plaintiffs had to affirm that fact; had to prove it to prove their side of the case. The affirmative issue was the actual permission to drive the car at the time.

To accomplish that, plaintiffs introduced the above-quoted paragraph in the laundry company's affidavit of defense in the other case—and rested. This is their whole case. Plaintiffs (in their brief) say: "It was conceded at the trial that Joseph Jones was not oper-

ating the automobile on the business of the Liberty Laundry Company." But they insist that since the laundry company admitted, by way of averment in its affidavit of defense, they "loaned" their employe the car, it is for the jury to say what the word "loaned" meant—whether a general permission or a precise permission. Plaintiffs argue the word may have either meaning, and if to be limited to a precise, actual permission the laundry company should have so prescribed it and so limited the meaning, by precise averment in its affidavit of defense. By not doing so, plaintiffs say, the way has been opened for the jury to pass upon the meaning, and determine the kind of permission given.

We decided against plaintiffs for two reasons:

1. The paragraph of the affidavit of defense of the laundry company in the negligence action was not admissible against the Threshermen Company in the present garnishee action.

2. Even assuming admissibility, plaintiffs did not go far enough, that is to say, the word "loaned" was not sufficient quantum of proof of the type of permission given, and if special, whether it had been complied with, for a jury to pass on.

The affidavit of defense of the laundry company in the negligence action had a specific purpose in pleading. If there was to be a denial of liability because at the time of the accident there was no relationship of master and servant, the laundry company was required so to plead. And that is what it did, and that was the purpose. It had nothing to do with whether the insurance policy the laundry company carried covered "actual permission" to drivers whether they were in the course of employment or not. That was not an issue in the negligence case.

Of course it is true that what a man declares in one case may be used against him in another: Morrett v. Fire Assn. of Phila.; 265 Pa. 9, 14 (1919). But here the parties are different in the two cases. Plaintiffs

tried to show that the laundry's affidavit of defense in the negligence suit was prepared by the attorney for the insurance carrier. They did not succeed, but we think it makes no difference. See Scott, Admx., v. American Express Co., 257 Pa. 25, 30 (1917).

Plaintiffs' trouble goes deeper, for, assuming the word "loaned" to be admissible, we think that was not enough to "pass the gauntlet of the judge" (MacDonald, Admx., v. Pennsylvania R. R. Co., 348 Pa. 558, 566 (1944)), and get to the jury. What plaintiffs want is to allow the jury to choose an alternative meaning of a word without more, simply because the word may have alternative meaning. That is a responsibility equivalent to a guess. The evidence (the word "loaned") lacked the reasonable certainty that should be attached to all evidence if a jury's verdict is to be allowed to stand. The evidence, so scant and uncertain, must lead to scant and uncertain reasoning if any reasoning at all, and the result is bound to be "built on nothing firm". The jury should have had something from plaintiffs besides the word "loaned", and it not being there we had to exercise our duty to give judgment n. o. v.

Garnishee produced oral testimony that was all to the other side—to the limited and precise permission to use the car only to and from work, and that the driver was using it for a purpose not authorized. But this is not a case under the principle of Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 238 (1932), that where the proof depends on oral testimony, no matter how clear or uncontradicted, it is the province of the jury to decide. The central point here is that plaintiffs gave no testimony, documentary or oral, of any worth, to prove their case. See Trainer v. Fort, 310 Pa. 570 (1933).