34 N.J. Super. 85 (1955)
111 A.2d 447
JOSEPH HANN AND KOBAK AND KOBAK PINE BELT EGG, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
JOHN JONES T/A BOND TRANSPORTATION COMPANY OF WOODBRIDGE (THE NAME OF JOHN JONES BEING FICTITIOUS AND USED TO DESIGNATE THE OWNER OF BOND TRANSPORTATION COMPANY OF WOODBRIDGE) AND HARRISON HARRIS AND HENRY GERDES, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 27, 1955.
*86 LARRABEE, J.C.C. (temporarily assigned).
On September 11, 1951, a truck, carrying a load of Kobak's eggs, owned by Hann and driven by Hughes, was northbound on Route No. 35 at Woodbridge, New Jersey. It collided with a truck driven by Harris and owned by Bond. Harris sued Hann and Hughes and the defense of contributory negligence was raised. At the trial, settlement was effected, Hann and Hughes paying Harris for a release and dismissal. Kobak now sues Harris and Bond for damage to the eggs.
Defendant contends that Kobak was bailor and Hann bailee of the eggs, that a bailor is bound by the bailee's contributory negligence (R.S. 46:36-1).
Further, that Hann and Hughes could not now sue Harris for their damages because of the rule in Kelleher v. Lozzi, 7 N.J. 17 (1951), which holds that where the defendant in *87 an action based on a tort claim fails to counterclaim for his damages, and pays plaintiff for a release and dismissal, he cannot later sue plaintiff for his (the defendant's) damages received in the accident. He is estopped because he has recognized that plaintiff has a valid claim. The court said that Kelleher could have filed a counterclaim but was not required to do so. Further, that it was impossible to reconcile a valid claim by Kelleher with a valid claim by Lozzi; that by payment Kelleher acknowledged the existence of a valid claim in Lozzi, therefore she was estopped.
Applying the same rationale to the Kobak case, by payment to Harris, Hann and Hughes became estopped from asserting that they had a valid claim against Harris. Will that estoppel extend to Kobak?
If Kobak's claim was derivative through Hann and Hughes, Kobak would be barred, but the claim is not derivative. The statute, R.S. 46:36-1, does not make it so. The statute says that Kobak would be barred by Hughes' contributory negligence, if any. Hughes and Hann, under the Kelleher case, have, in effect, admitted contributory negligence and they are bound by their own admission, but it did not bar Kobak as well as Hann and Hughes unless they were authorized to act as Kobak's agent to make the admission, and there is no evidence that Hann and Hughes were authorized to act as Kobak's agent.
There is some authority that an admission by a party binds those in privity. Morrett v. Fire Association of Philadelphia, 265 Pa. 9, 108 A. 171 (Sup. Ct. Pa. 1919), but an examination of the authorities shows that it applies only to derivative claims, those of grantees or devisees, or other persons claiming under the person who made the original representation. The claim of Kobak is not derivative.
The motion is denied.