**Anna Marie CAULFIELD, Admx. of the Estate of Thomas Caulfield, Deceased**

v.

**BETHLEHEM STEEL CORPORATION and Calmar Steamship Company.**

**Civ. A. No. 25890.**

United States District Court
E. D. Pennsylvania.

June 30, 1961.

Wilfred R. Lorry, Charles Sovel, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Bernard J. McNulty, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

John B. Hannum, 3rd, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for third-party defendant.

KRAFT, District Judge.

The administratrix of the estate of Thomas Caulfield brought this action against the owner and operator of the S. S. Calmar to recover damages for Caulfield's death, which occurred while he was engaged with the other longshoremen in loading a cargo of steel beams aboard the vessel from railroad cars which were standing on a car float alongside the vessel, in the Port of Philadelphia.

Paragraph 6 of the complaint alleges that the decedent sustained serious injuries on January 3, 1959 resulting in his death on the same day because of the unseaworthy condition of S. S. Calmar

and the car float, and because of the negligence of the defendants, inter alia, in "failing to stow the cargo of beams into the aforesaid freight car in a proper and safe manner under the circumstances so that they could be discharged with safety."

On April 17, 1959, plaintiff served interrogatories upon defendant Calmar Steamship Corporation ("Calmar"). Plaintiff's interrogatory No. 31 read as follows:

"State when and by whom the steel beams were loaded into the railroad car involved in this accident. Also state the owner of this cargo of steel beams."

In its answers to interrogatories, served on October 20, 1959, Calmar answered interrogatory No. 31 as follows:

"Steel beams were loaded into the railroad car on or about December 26, 1958 by employees of Bethlehem Steel Corporation; this cargo of steel beams was owned by various consignees, the names of which will be furnished upon request."

On February 21, 1961, Calmar served upon plaintiff an amended answer to interrogatory No. 31, which reads as follows:

"The previous answer to the thirty-first paragraph has just been determined to be incorrect. The beams in question were loaded into the railroad car by employees of Bethlehem Steel Company, a Pennsylvania corporation. Bethlehem Steel Corporation had no connection with the loading of beams."

Bethlehem Steel Company is not a party to this litigation, and the applicable statute of limitations would appear to bar any action now instituted against it.

Plaintiff thereafter filed the present motion for an order estopping defendant, Bethlehem Steel Corporation, from denying that its employees were responsible for loading the steel beams into the railroad car alleged to have been involved in the injuries which resulted in the death of plaintiff's decedent.

The facts disclose a most unfortunate and regrettable situation, but we think plaintiff has mistaken her remedy. The matters which gave rise to the alleged estoppel were plaintiff's interrogatories to Calmar and Calmar's answers thereto. Defendant, Bethlehem Steel Corporation, was neither party nor privy, but was a stranger, to the interrogatories to and the answers of Calmar. It cannot, therefore, be bound by an estoppel. The general rule is stated in 19 Am.Jur., Estoppel, Sec. 152:

"An estoppel operates on the parties to the transaction out of which it arises and their privies. Conversely, a stranger to a transaction is neither bound by, nor in position to take advantage of, an estoppel arising therefrom."

To the same effect is Bigelow on Estoppel (6th ed.), where it is said (p. 617):

"Only parties and their privies are bound by the representation, and only those whom the representation is made to or intended to influence and their privies may take advantage of the estoppel. If the act was inter alios, there can be no estoppel."

For illustrative cases, see Morrett v. Fire Association of Philadelphia, 1919, 265 Pa. 9, 14, 108 A. 171; Antone v. New Amsterdam Casualty Co., 1939, 335 Pa. 134, 144, 6 A.2d 566.

We think plaintiff's reliance on Zielinski v. Philadelphia Piers, Inc., D.C. E.D.Pa.1956, 139 F.Supp. 408 is misplaced. In that case, defendant was held to be equitably estopped to deny agency on the basis of *its own* inadequate and misleading answer to the complaint and answers to interrogatories. Shortly stated, defendant in that case was a party to the transaction out of which the estoppel arose.

While plaintiff's plight evokes sympathy, we feel, for the reasons stated, that she is not entitled to the relief sought.

### Order

Now, June 30th, 1961, plaintiff's motion accordingly is denied.