## Catherman v. Lingle

*Joseph Colavecchi*, for plaintiffs.
*Thomas F. Morgan*, for defendants.

REILLY, *P.J.*, January 11, 1980—This matter comes before the court on preliminary objections on behalf of Darrell D. Lingle and Nancy E. Lingle to a mechanic's lien filed by plaintiffs above-named. Defendants contend that the lien cannot stand as it was untimely filed. This court agrees and orders that the lien be stricken.

From the pleadings, it appears that plaintiffs contracted with defendant Petrolec Construction Company for certain work to be performed on the Burger King Restaurant owned by defendants Lingle. This work was properly completed on June 19, 1979, but only one (1) payment thereon was made by the defendants. As a result of this, plaintiffs filed a mechanic's lien against the restaurant on October 22, 1979 which was slightly in excess of four months after the date of completion of the work. The act clearly states that: "Perfection of Lien. To perfect a lien, every claimant must: (1) file a claim with the prothonotary as provided by this act within four (4) months after the completion of his work." Mechanics' Lien Law of August 24, 1963, P.L. 1175, 49 P.S. §1502(a)(1).

Further, as stated: ". . . unless the claim is filed within the time thus limited, the lien is lost and no proceedings will revive it." This is especially crucial as "the mechanic's lien is in derogation of the common law and is a special and exceptional statutory remedy in favor of a specific group of citizens and therefore the act must be strictly complied with." Sabo v. Kurland, 22 D. & C. 2d 221, 223 (1960).

Plaintiffs argue that defendants are estopped from pleading timeliness in that an agent-employe of Petrolec requested that plaintiffs refrain from filing their lien upon his promise to pay the amount due. Plaintiffs allege that they agreed to withhold filing, but that the promised payment was never forthcoming. Plaintiffs argue that by relying on Petrolec's agent's promise to pay, the timeliness of filing must be excused. This court would agree were the preliminary objections filed on behalf of defendant Petrolec, but an estoppel cannot operate

in favor of a stranger but only between parties and their privies (see Morrett v. Fire Ass'n. of Philadelphia, 265 Pa. 9, 108 Atl. 171 (1919)). In this case, plaintiffs relied upon an assertion of an agent of the contractor who was not also an agent of defendants Lingle, the owners of the restaurant. Therefore, while Petrolec is estopped from raising timeliness as a defense, defendants Lingle are not.

Wherefore, the court enters the following

## ORDER

Now, January 11, 1980, following argument, it is the order of this court that preliminary objections filed on behalf of defendants Darrell D. Lingle and Nancy E. Lingle above-named are sustained and the mechanic's lien as regards to these defendants stricken.